THE HONORABLE JAMES L. ROBART

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| Microsoft Corporation, | No. 2:16-cv-00538-JLR |
|     Plaintiff, | |
|     v. | **MOTION TO INTERVENE AND MEMORANDUM OF LAW IN SUPPORT** |
| U.S. Department of Justice, and Loretta Lynch, in her official capacity as Attorney General of the United States, | **NOTE ON MOTION CALENDAR:** JUNE 24, 2016 |
|     Defendants. | **Oral Argument Requested** |
| American Civil Liberties Union and American Civil Liberties Union Foundation, | |
|     Plaintiffs–Intervenors, | |
|     v. | |
| U.S. Department of Justice, and Loretta Lynch, in her official capacity as Attorney General of the United States, | |
|     Defendants in Intervention. | |

# TABLE OF CONTENTS

Table of Authorities ............................................................................................................. iii

Corporate Disclosure Statement ............................................................................................ v

Introduction ......................................................................................................................... 1

Factual Background ............................................................................................................. 2

Argument ............................................................................................................................ 4

    I.      Movants are entitled to intervene as of right. ........................................................ 4

          A.      The motion to intervene is timely. ................................................ 5

          B.      Movants have a "significantly protectable" Fourth Amendment interest in ensuring that the government will provide notice to them in the event it searches or seizes their electronic communications. ......................... 6

          C.      The disposition of this lawsuit may impair Movants' ability to protect their interests. ..................................................................... 8

          D.      Movants' interests are distinct from those of the existing parties. ................ 9

    II.     Movants are entitled to permissive intervention. ........................................... 11

Conclusion ......................................................................................................................... 12

MOTION TO INTERVENE AND
MEMORANDUM OF LAW IN SUPPORT - ii
No. 2:16-cv-00538-JLR

AMERICAN CIVIL LIBERTIES UNION OF
WASHINGTON FOUNDATION
901 FIFTH AVENUE #630
SEATTLE, WA 98164
(206) 624-2184

1

## TABLE OF AUTHORITIES

2

**Cases**

3

*Berger v. New York*, 388 U.S. 41 (1967) ..................................................................... 7

4

*Cal. Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc.*,
    309 F.3d 1113 (9th Cir. 2002) .......................................................................... 5

5

*Cal. ex rel. Lockyer v. United States*, 450 F.3d 436 (9th Cir. 2006) .................. 8, 10, 11

6

*Citizens for Balanced Use v. Montana Wilderness Ass'n*,
    647 F.3d 893 (9th Cir. 2011) .................................................................. 4, 6, 9, 10

7

*Katz v. United States*, 389 U.S. 347 (1967) ................................................................ 7

8

*Nw. Forest Res. Council v. Glickman*, 82 F.3d 825 (9th Cir. 1996) ........................... 5

9

*Providence Journal Co. v. FBI*, 460 F. Supp. 762 (D.R.I. 1978) ............................... 11

10

*Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525 (9th Cir. 1983) ............................. 11

11

*Sierra Club v. EPA*, 995 F.2d 1478 (9th Cir. 1993) ................................................... 5

12

*Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326 (9th Cir. 1977) ................... 12

13

*Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810 (9th Cir. 2001) ............. passim

14

*Trbovich v. United Mine Workers of Am.*, 404 U.S. 528 (1972) ........................... 9, 10

15

*United States v. Alisal Water Corp.*, 370 F.3d 915 (9th Cir. 2004) ......................... 5, 8

16

*United States v. City of L.A.*, 288 F.3d 391 (9th Cir. 2002) ..................................... 12

17

*United States v. Dalia*, 441 U.S. 238 (1979) ........................................................... 10

18

*United States v. Donovan*, 429 U.S. 413 (1977) ........................................................ 7

19

*United States v. Freitas*, 800 F.2d 1451 (9th Cir. 1986) ......................................... 6, 10

20

*United States v. Johns*, 851 F.2d 1131 (9th Cir. 1988) .............................................. 6

21

*United States v. Warshak*, 631 F.3d 266 (6th Cir. 2010) ........................................... 6

22

*Venegas v. Skaggs*, 867 F.2d 527 (9th Cir. 1989) .................................................... 12

23

*Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011) ..................... 4, 6

*Wilson v. Arkansa*s, 514 U.S. 927 (1995) ................................................................... 7

MOTION TO INTERVENE AND
MEMORANDUM OF LAW IN SUPPORT - iii
No. 2:16-cv-00538-JLR

AMERICAN CIVIL LIBERTIES UNION OF
WASHINGTON FOUNDATION
901 FIFTH AVENUE #630
SEATTLE, WA 98164
(206) 624-2184

**Statutes**

18 U.S.C. § 2518 ........................................................................................................ 10

18 U.S.C. § 2703 ....................................................................................................... 2, 3

18 U.S.C. § 2705 ......................................................................................................... 3

28 U.S.C. § 1331 ........................................................................................................ 12

**Other Authorities**

*Oversight of the United States Department of Justice: Hearing Before the S.
    Comm. on the Judiciary*, 113th Cong. 87 (2013) (statement of Attorney Gen.
    Eric J. Holder) ...................................................................................................... 6

**Rules**

Fed. R. Civ. P. 24 ................................................................................................... 4, 11

Fed. R. Crim. P. 41 ................................................................................................... 10

**Treatises**

Wayne LaFave, *Search and Seizure* (5th ed. 2015) ................................................. 7

MOTION TO INTERVENE AND
MEMORANDUM OF LAW IN SUPPORT - iv
No. 2:16-cv-00538-JLR

AMERICAN CIVIL LIBERTIES UNION OF
WASHINGTON FOUNDATION
901 FIFTH AVENUE #630
SEATTLE, WA 98164
(206) 624-2184

**CORPORATE DISCLOSURE STATEMENT**

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, the American Civil Liberties Union and American Civil Liberties Union Foundation certify that they are not-for-profit corporations, with no parent corporation or publicly-traded stock.

May 26, 2016                                    Respectfully submitted,

                                                  /s/ Emily Chiang
                                                Emily Chiang, WSBA No. 50517
                                                ACLU of Washington Foundation
                                                901 Fifth Avenue, Suite 630
                                                Seattle, WA 98164
                                                (206) 624-2184
                                                echiang@aclu-wa.org

MOTION TO INTERVENE AND
MEMORANDUM OF LAW IN SUPPORT - v
No. 2:16-cv-00538-JLR

AMERICAN CIVIL LIBERTIES UNION OF
WASHINGTON FOUNDATION
901 FIFTH AVENUE #630
SEATTLE, WA 98164
(206) 624-2184

1

# INTRODUCTION

2
    Pursuant to Federal Rule of Civil Procedure 24(a), the American Civil Liberties Union

3 Foundation and the American Civil Liberties Union (together, "Movants") move for leave to

4 intervene as of right as plaintiffs in this action in order to protect their constitutional right to

5 notice of any search and seizure of their property. In the alternative, Movants request permission

6 to intervene under Federal Rule of Civil Procedure 24(b).

7
    Movants are organizations that rely on Microsoft Corporation's email and cloud-

8 computing services to store and transmit sensitive records and communications. For this reason,

9 Movants have an acute interest in ensuring that the government's demands for the records of

10 Microsoft's customers are constitutional. Movants agree with Microsoft that its customers have a

11 Fourth Amendment right to notice when the government obtains information in which those

12 customers have a reasonable expectation of privacy. And Movants agree that Microsoft must be

13 permitted, under the First Amendment, to communicate with its customers about searches or

14 seizures of their information except to the extent the government can demonstrate a need for

15 secrecy so compelling that it justifies a prior restraint on Microsoft's speech.

16
    Movants seek to intervene to vindicate their Fourth Amendment right to notice of

17 searches and seizures that implicate their constitutionally protected privacy interests.

18 Specifically, Movants seek to ensure that the government—which is uniquely bound by the

19 constitutional obligation to provide notice—will notify Movants in the event it obtains their

20 communications from Microsoft. Movants welcome and applaud Microsoft's policy of providing

21 notice to its customers of searches and seizures of customers' information, but, notwithstanding

22 Microsoft's policy, the government has an independent duty to provide notice to those whose

23 constitutional privacy interests are implicated by its demands.

MOTION TO INTERVENE AND
MEMORANDUM OF LAW IN SUPPORT - 1
No. 2:16-cv-00538-JLR

AMERICAN CIVIL LIBERTIES UNION OF
WASHINGTON FOUNDATION
901 FIFTH AVENUE #630
SEATTLE, WA 98164
(206) 624-2184

As explained below, Movants satisfy the requirements of both intervention as of right under Rule 24(a) and permissive intervention under Rule 24(b). It bears emphasis at the outset, however, that this lawsuit may be the only opportunity for Movants to vindicate their constitutional entitlement to notice from the government. This is true because of the chicken-and-egg relationship between injury and relief in this context: customers deprived of notice are, by definition, unaware of the government's secret searches of their communications, but once customers learn of a search, they no longer need the notice that the government failed to provide. In fact, all of Microsoft's customers are in this paradoxical position, highlighting both the importance of Microsoft's suit and of Movants' intervention.

Movants respectfully urge the Court to grant their motion to intervene. This motion is timely; Movants' fundamental rights are at stake; disposition of this lawsuit absent Movants may impair their ability to protect those rights; and Movants' interests differ from those of the parties. In these circumstances, intervention is appropriate.

### FACTUAL BACKGROUND

The Electronic Communications Privacy Act ("ECPA") permits the government to compel electronic-communication or remote-computing service providers, such as Microsoft, to turn over the contents of their customers' electronic communications in three ways: (1) using a warrant issued under the Federal Rules of Criminal Procedure, 18 U.S.C. § 2703(a), (b)(1)(A); (2) using an administrative, grand-jury, or trial subpoena, *id.* § 2703(b)(1)(B)(i); or (3) using a so-called "2703(d) order," issued by a court under a subpoena-like standard of proof, *id.* § 2703(d). The government's statutory obligation to provide notice to those whose communications it acquires turns on the particular authority the government relies upon to compel disclosure. If the government relies upon a subpoena or 2703(d) order, the government

MOTION TO INTERVENE AND
MEMORANDUM OF LAW IN SUPPORT - 2
No. 2:16-cv-00538-JLR

AMERICAN CIVIL LIBERTIES UNION OF
WASHINGTON FOUNDATION
901 FIFTH AVENUE #630
SEATTLE, WA 98164
(206) 624-2184

must provide "prior notice" to the subscriber or customer, although it may delay that notification for renewable 90-day periods upon a judicial finding of exigency. 18 U.S.C. § 2705(a). If the government obtains a warrant, however, it may compel disclosure "without required notice to the subscriber or customer," 18 U.S.C. § 2703(b)(1)(A), even when there is no exigency justifying secrecy. ECPA also permits the government to apply for a court-issued "gag order" prohibiting a service provider receiving a disclosure order from notifying anyone—including the customer whose records the government has sought—of the existence of the disclosure order. 18 U.S.C. § 2705(b). In the absence of such a gag order, several of the major service providers, including Microsoft, have committed to notifying customers in certain circumstances of government demands for their communications, but nothing obligates them to do so.[1]

Today, the government ordinarily uses a warrant when it seeks individuals' electronic communications from third-party service providers. *See* Intervenors' Compl. ¶ 20 (attached as Ex. A). Because ECPA does not require the government to provide notice when it relies on a warrant, however, the government now routinely searches and seizes individuals' electronic communications without providing any notice—delayed or otherwise—to those whose private information it has obtained. *Id.* ¶ 21. According to Microsoft's Complaint, nearly half of the federal demands it has received under ECPA in the last eighteen months were accompanied by gag orders, the majority of which contained no time limit. Microsoft Compl. ¶ 16. Accordingly, a substantial portion of the individuals whose electronic communications the government demands from Microsoft receive no notice whatsoever, from either the government or Microsoft. In its

---

[1] *See, e.g.*, Microsoft Trust Center, *Responding to government and law enforcement requests to access customer data*, https://www.microsoft.com/en-us/TrustCenter/Privacy/Responding-to-govt-agency-requests-for-customer-data (last visited May 24, 2016) ("We will promptly notify you of any third-party request, and give you a copy unless we are legally prohibited from doing so."). Other major providers have made similar commitments, but smaller providers generally have not committed to providing notice to their customers.

MOTION TO INTERVENE AND
MEMORANDUM OF LAW IN SUPPORT - 3
No. 2:16-cv-00538-JLR

AMERICAN CIVIL LIBERTIES UNION OF
WASHINGTON FOUNDATION
901 FIFTH AVENUE #630
SEATTLE, WA 98164
(206) 624-2184

lawsuit, Microsoft has argued that the First and Fourth Amendments entitle it to inform its customers about disclosure orders, unless the government has obtained a gag order that satisfies the Constitution's limitations on prior restraints on speech.

Movants American Civil Liberties Union and American Civil Liberties Union Foundation are customers of Microsoft who rely on Microsoft's email and cloud-computing services to store and transmit sensitive communications and data. *See* Intervenors' Compl. ¶ 27. They seek to intervene in this suit to establish their constitutional right, as customers of Microsoft, to government notice of any search or seizure of their communications.

## ARGUMENT

### I.    Movants are entitled to intervene as of right.

Movants are entitled to intervene as of right because their motion is timely; their fundamental rights are at stake; disposition of this lawsuit without them may impair their ability to protect those rights; and their interests differ from those of the parties.

Rule 24(a) entitles anyone to intervene in a lawsuit upon a timely motion if that person "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). In the Ninth Circuit, courts construe the rule "liberally in favor of potential intervenors." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001); *see Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (the requirements of Rule 24(a) "are broadly interpreted in favor of intervention"). The Ninth Circuit has noted that its "liberal policy in favor of intervention serves both efficient resolution of issues and broadened access to the courts." *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1179

MOTION TO INTERVENE AND
MEMORANDUM OF LAW IN SUPPORT - 4
No. 2:16-cv-00538-JLR

AMERICAN CIVIL LIBERTIES UNION OF
WASHINGTON FOUNDATION
901 FIFTH AVENUE #630
SEATTLE, WA 98164
(206) 624-2184

(9th Cir. 2011) (en banc) (quotation marks omitted). In considering a motion to intervene, a court

must accept as true all well-pled allegations in the intervenor's proposed pleadings. *Sw. Ctr. for*

*Biological Diversity*, 268 F.3d at 819–20.

      To effectuate its liberal policy for intervention as of right, the Ninth Circuit has adopted a

four-part test:

> (1) the application for intervention must be timely; (2) the applicant must have a
> "significantly protectable" interest relating to the property or transaction that is
> the subject of the action; (3) the applicant must be so situated that the disposition
> of the action may, as a practical matter, impair or impede the applicant's ability to
> protect that interest; and (4) the applicant's interest must not be adequately
> represented by the existing parties in the lawsuit.

*Id.* at 817 (quoting *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 836 (9th Cir. 1996)).

      Movants satisfy each of these requirements.

**A.      The motion to intervene is timely.**

      This motion is timely because the litigation is still in its infancy, no party will be

prejudiced by intervention at this time, and Movants have deferred intervening only long enough

to ascertain whether their intervention would be necessary to protect their rights and to prepare

their pleadings. *See United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004)

(explaining that, in this Circuit, timeliness is determined by three factors: "(1) the stage of the

proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the

reason for and length of the delay" (quoting *Cal. Dep't of Toxic Substances Control v.*

*Commercial Realty Projects, Inc.*, 309 F.3d 1113, 1119 (9th Cir. 2002))). Movants are filing this

motion only six weeks after Microsoft filed the Complaint and before the government has filed

any answer. No substantive motions have been filed, and no status conference has been held or

briefing schedule set. As a result, permitting Movants to intervene to protect their interests at this

stage will not prejudice Microsoft or the government. *See Sierra Club v. EPA*, 995 F.2d 1478,

MOTION TO INTERVENE AND
MEMORANDUM OF LAW IN SUPPORT - 5
No. 2:16-cv-00538-JLR

AMERICAN CIVIL LIBERTIES UNION OF
WASHINGTON FOUNDATION
901 FIFTH AVENUE #630
SEATTLE, WA 98164
(206) 624-2184

1481 (9th Cir. 1993) (affirming district court's determination that application for intervention filed at outset of litigation is timely), *abrogated on other grounds by Wilderness Soc'y*, 630 F.3d at 1180.

**B.    Movants have a "significantly protectable" Fourth Amendment interest in ensuring that the government will provide notice to them in the event it searches or seizes their electronic communications.**

As customers of Microsoft, Movants have a "significantly protectable" interest in the question at the core of Microsoft's suit: whether customers of Microsoft are entitled to notice when the government acquires their electronic communications under ECPA.

To satisfy the second prong of this Circuit's test for intervention as of right, Movants must show that the interest they assert "is protectable under some law and that there is a relationship between the legally protected interest and the claims at issue." *Citizens for Balanced Use*, 647 F.3d at 897. The test is "a practical, threshold inquiry, and [n]o specific legal or equitable interest need be established." *Id.* (alteration in original) (quotation marks omitted).

Movants clearly satisfy this prong. Movants are customers of Microsoft who store sensitive communications on Microsoft's servers. They have a clear Fourth Amendment interest in those communications, *see United States v. Warshak*, 631 F.3d 266, 288 (6th Cir. 2010), as the government seems to have recognized, *see Oversight of the United States Department of Justice: Hearing Before the S. Comm. on the Judiciary*, 113th Cong. 87 (2013) (statement of Attorney Gen. Eric J. Holder) ("[H]aving a warrant to obtain the content of communication from a service provider is something that we support."). And, accordingly, they have a Fourth Amendment right to receive notice if the government searches or seizes their communications. *See United States v. Freitas*, 800 F.2d 1451, 1456 (9th Cir. 1986) ("[T]he absence of any notice requirement in the warrant casts strong doubt on its constitutional adequacy."); *United States v. Johns*, 851 F.2d

1131, 1135 (9th Cir. 1988); *see also Wilson v. Arkansas*, 514 U.S. 927, 934 (1995) (holding that

the principle of announcement "is an element of reasonableness inquiry under the Fourth

Amendment"); *Berger v. New York*, 388 U.S. 41, 60 (1967) (invalidating eavesdropping statute

in part because it failed to require notice); *United States v. Donovan*, 429 U.S. 413, 430 (1977)

("The *Berger* and *Katz* decisions established that notice of surveillance is a constitutional

requirement of any surveillance statute." (quoting 114 Cong. Rec. 14485–86 (1968) (statement

of Sen. Hart))); *cf.* 1 Wayne LaFave, *Search and Seizure* § 4.8(a) (5th ed. 2015) (recognizing the

longstanding requirement of giving notice in the execution of a search warrant).[2] For these

reasons, Movants have an interest in ensuring that the government honors its constitutional duty

to provide notice when it engages in the sorts of searches and seizures at issue in this case.

      Moreover, the nature of Movants' electronic communications underscores why receiving

notice of any search or seizure is critically important. Movants' staff includes attorneys who

engage in sensitive and, in many cases, privileged communications with clients, colleagues,

witnesses, experts, and government officials. *See* Intervenors' Compl. ¶ 27. Some of their

communications and records stored on Microsoft's servers reveal personal details about Movants

or those with whom they communicate. *Id.* Furthermore, Movants regularly communicate with

each other and co-counsel about litigation strategy, attaching to their emails documents related to

upcoming litigation. *Id.* Movants have a "significantly protectable" interest in ensuring that they

learn of any attempt by the government to obtain such communications under ECPA.

---

[2] The government's notice may be delayed in appropriate circumstances, but it must come once any justification for delay has lapsed. *See, e.g.*, *Katz v. United States*, 389 U.S. 347, 355 n.16 (1967).

MOTION TO INTERVENE AND
MEMORANDUM OF LAW IN SUPPORT - 7
No. 2:16-cv-00538-JLR

AMERICAN CIVIL LIBERTIES UNION OF
WASHINGTON FOUNDATION
901 FIFTH AVENUE #630
SEATTLE, WA 98164
(206) 624-2184

**C.      The disposition of this lawsuit may impair Movants' ability to protect their interests.**

For related reasons, Movants would also be directly and adversely affected by the outcome of this lawsuit. As the Ninth Circuit has stated, "[i]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." *Sw. Ctr. For Biological Diversity*, 268 F.3d at 822 (alteration in original) (quoting Fed. R. Civ. P. 24 advisory committee's notes). That is the case here. If the Court rules that the government may search or seize the electronic communications of Microsoft's customers under ECPA without notifying those customers, Movants' records will be subject to search and seizure without any guarantee of notice.

Critically, Movants might have no other opportunity to ensure that the government notifies them if it searches or seizes their communications in the future. *See Cal. ex rel. Lockyer v. United States*, 450 F.3d 436, 442 (9th Cir. 2006) (whether proposed intervenors' interests are impaired depends on whether they have an "alternative forum where they can mount a robust" challenge or defense of the relevant law); *Alisal Water*, 370 F.3d at 921 (treating as critical to the impairment analysis whether potential intervenors have other means to protect their interests). In permitting the government to acquire electronic communications without notice, ECPA creates a classic catch-22. When the government obtains an individual's communications without notice, that individual is injured—but she has no knowledge of that injury and therefore is unable to challenge it. On the other hand, if an individual eventually learns of the government's failure to provide notice, then she will already have suffered irreparable harm. It is no coincidence that the first challenge to the government's policy—this case—has been brought by a third party *on behalf* of those deprived of notice. Indeed, the paradox in which Movants and other Microsoft customers find themselves has effectively insulated the government's failure to provide notice

MOTION TO INTERVENE AND
MEMORANDUM OF LAW IN SUPPORT - 8
No. 2:16-cv-00538-JLR

AMERICAN CIVIL LIBERTIES UNION OF
WASHINGTON FOUNDATION
901 FIFTH AVENUE #630
SEATTLE, WA 98164
(206) 624-2184

from legal review for decades. Because this suit might be the only opportunity for Movants to defend their right to government notice in court, they should be permitted to intervene now.

### D.   Movants' interests are distinct from those of the existing parties.

Finally, Movants have unique interests that may not be adequately represented in this litigation unless they are permitted to intervene. Movants' burden in this regard is "minimal" and is satisfied by a showing that the representation of their interests by the existing parties "may be" inadequate. *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972). When analyzing this factor, courts consider:

> (1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect.

*Sw. Ctr. for Biological Diversity*, 268 F.3d at 822. Although a presumption of adequacy arises when the proposed intervenor shares the same ultimate objective in the case as a party, that presumption is rebutted where the two do not share "sufficiently congruent interests." *Id.* at 823.

Here, Movants' interests are sufficiently different from Microsoft's that Movants may not be adequately represented if they are unable to intervene. *See Citizens for Balanced Use*, 647 F.3d at 898 ("The most important factor in assessing the adequacy of representation is how the interest compares with the interests of existing parties." (quotation marks omitted)). There are three principal differences between Movants' interests and those of Microsoft.

First, Movants are uniquely positioned to articulate the necessity of government-provided notice. Movants' overriding interest is in ensuring that they, as customers of Microsoft, receive notice of the search and seizure of their communications. As a public company, Microsoft's interests are diverse, and its ultimate responsibility is to its shareholders. Where the existing party has a "duty to serve two distinct interests, which are related, but not identical," a movant

may intervene to ensure the vigorous representation of one of those interests. *Trbovich*, 404 U.S. at 538–39; *see also Sw. Ctr. for Biological Diversity*, 268 F.3d at 823 (finding inadequate representation where intervenors were, unlike the existing party, driven by profit motive).

Second, the primary focus of Microsoft's claims is in ensuring that Microsoft be permitted to communicate to its customers about searches and seizures of their information, whereas Movants seek to enforce solely the government's constitutional obligation to provide notice. The difference is an important one. Microsoft's commitment to providing notice is laudable, and its decision to file this suit is noteworthy for being the first of its kind. While Movants have every reason to believe that Microsoft's policy will not change, that policy is not legally binding, and it is certainly not compelled by the Constitution. Microsoft retains discretion that is not available to the government under the Fourth Amendment. For instance, the Fourth Amendment requires the government to provide reasonably prompt notice in the absence of specific showings that would justify delay. *See, e.g.*, *Freitas*, 800 F.2d at 1456; *United States v. Dalia*, 441 U.S. 238, 247–48 (1979). Similarly, the Fourth Amendment imposes specific requirements on the content of the notice the government must provide. *Cf.* Fed. R. Crim. P. 41; 18 U.S.C. § 2518(8)(d). The only durable protection for Movants' interests would be a ruling requiring the government to provide the notice that the Constitution requires. *Cf. Citizens for Balanced Use*, 647 F.3d at 899 (holding that intervention was warranted where proposed intervenors sought the "broadest possible restrictions" but the existing party believed that "much narrower restrictions would suffice to comply with its statutory mandate"); *Cal. ex rel. Lockyer*, 450 F.3d at 444–45.

Finally, as customers of Microsoft, Movants are well positioned to provide the factual context necessary to understand why the right to notice is critical. *See* Intervenors' Compl. ¶ 27.

MOTION TO INTERVENE AND
MEMORANDUM OF LAW IN SUPPORT - 10
No. 2:16-cv-00538-JLR

AMERICAN CIVIL LIBERTIES UNION OF
WASHINGTON FOUNDATION
901 FIFTH AVENUE #630
SEATTLE, WA 98164
(206) 624-2184

Movants' participation will ensure that the interests of Microsoft's customers are directly before the Court. Those interests are crucial to establishing why the government should not be able to obtain Movants' constitutionally protected records without providing notice itself. *See, e.g.*, *Sw. Ctr. for Biological Diversity*, 268 F.3d at 822 (offering necessary elements to the proceedings that other parties cannot provide is a factor favoring intervention); *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983) (reversing denial of intervention where the proposed intervenor "offers a perspective which differs materially from that of the present parties"); *cf. Providence Journal Co. v. FBI*, 460 F. Supp. 762, 766 (D.R.I. 1978), *rev'd on other grounds,* 602 F.2d 1010 (1st Cir. 1979) ("The personal nature of the privacy interest makes intervention especially appropriate . . . . No one can better assert an interest in personal privacy than the person whose privacy is at stake.").

For these reasons, Movants "bring a point of view to the litigation not presented by either the plaintiffs or the defendants," *Cal. ex rel. Lockyer*, 450 F.3d at 445, and will "offer important elements to the proceedings that the existing parties would [not]," *Sw. Ctr. for Biological Diversity*, 268 F.3d at 823. In these circumstances, Movants are entitled to intervene.

## II.      Movants are entitled to permissive intervention.

Even if Movants were not entitled to intervene as a matter of right, the Court should nonetheless allow them to intervene permissively pursuant to Rule 24(b). That rule provides, in relevant part:

> On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact. . . . In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Fed. R. Civ. P. 24(b).

MOTION TO INTERVENE AND
MEMORANDUM OF LAW IN SUPPORT - 11
No. 2:16-cv-00538-JLR

AMERICAN CIVIL LIBERTIES UNION OF
WASHINGTON FOUNDATION
901 FIFTH AVENUE #630
SEATTLE, WA 98164
(206) 624-2184

Movants satisfy the three conditions for permissive intervention. *See United States v. City of L.A.*, 288 F.3d 391, 403 (9th Cir. 2002). First, for the reasons set out above, *see supra* Part I.A, the motion is timely. Second, there is an independent basis for subject-matter jurisdiction over Movants' claims because they raise a federal question under the Fourth Amendment. *See* 28 U.S.C. § 1331. Third, the legal and factual issues raised by Movants' claims are similar to those in the existing action, although, as described above, *see supra* Part I.D, Movants present a unique factual perspective on those questions.

Movants should be permitted to intervene in this lawsuit at this stage because their private information and their constitutional rights are directly affected by this lawsuit. *See City of L.A.*, 288 F.3d at 404 ("'[S]treamlining' the litigation . . . should not be accomplished at the risk of marginalizing those . . . who have some of the strongest interests in the outcome."); *Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977) (holding that "the nature and extent of the intervenors' interest" is a relevant factor for permissive intervention). As explained above, *see supra* Part I.A & D, Movants' intervention would cause no delay or prejudice and would "contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *Spangler*, 552 F.2d at 1329; *Venegas v. Skaggs*, 867 F.2d 527, 530–31 (9th Cir. 1989) (considering factors of undue delay, prejudice, judicial economy, and adequate representation before reversing district court's denial of permissive intervention), *aff'd sub nom. Venegas v. Mitchell*, 495 U.S. 82 (1990).

## CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court grant their motion for intervention as of right pursuant to Federal Rule of Civil Procedure 24(a), or, in the alternative, their motion for permissive intervention pursuant to Rule 24(b).

MOTION TO INTERVENE AND
MEMORANDUM OF LAW IN SUPPORT - 12
No. 2:16-cv-00538-JLR

AMERICAN CIVIL LIBERTIES UNION OF
WASHINGTON FOUNDATION
901 FIFTH AVENUE #630
SEATTLE, WA 98164
(206) 624-2184

May 26, 2016

Respectfully submitted,

 /s/ Emily Chiang
Emily Chiang, WSBA No. 50517
ACLU of Washington Foundation
901 Fifth Avenue, Suite 630
Seattle, WA 98164
(206) 624-2184
echiang@aclu-wa.org

Alex Abdo*
Eliza Sweren-Becker*
Patrick Toomey**
Brett Max Kauffman**
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
aabdo@aclu.org
* *pro hac vice* application pending
** on the brief

*Counsel for Plaintiffs–Intervenors*

MOTION TO INTERVENE AND
MEMORANDUM OF LAW IN SUPPORT - 13
No. 2:16-cv-00538-JLR

AMERICAN CIVIL LIBERTIES UNION OF
WASHINGTON FOUNDATION
901 FIFTH AVENUE #630
SEATTLE, WA 98164
(206) 624-2184

1

**CERTIFICATE OF SERVICE**

2      I hereby certify that on May 26, 2016, I electronically filed the foregoing with the Clerk

3 of the Court using the CM/ECF system, which will send notification of such filing to the

4 following:

5      **Stephen M. Rummage**              **James McMackin Garland**
       **Ambika K. Doran**                 **Alexander Adelman Berengaut**
6      Davis Wright Tremaine LLP           **Katharine Reams Goodloe**
       1201 Third Avenue                   Covington & Burling LLP
7      Suite 2200                          One City Center
       Seattle, WA 98101-3045              850 Tenth Street, NW
8      (206) 757-8136                      Washington, DC 20001
       email:  steverummage@dwt.com        (202) 662-6000
9              ambikadoran@dwt.com          email:  aberengaut@cov.com
                                                   jgarland@cov.com
10     **Laura R. Handman**                         kgoodloe@cov.com
       Davis Wright Tremaine LLP
11     1919 Pennsylvania Avenue, NW
       Suite 800
12     Washington, DC 20006
       (202) 973-4200
13     email:  laurahandman@dwt.com

14

May 26, 2016                              /s/ Emily Chiang

15                                        Emily Chiang

16

17

18

19

20

21

22

23

AMERICAN CIVIL LIBERTIES UNION OF
WASHINGTON FOUNDATION
901 FIFTH AVENUE #630
SEATTLE, WA 98164
(206) 624-2184

## CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2016, I submitted the foregoing via certified mail, which will deliver notification of such filing to the following:

**Attorney General Loretta Lynch**
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530

**United States Attorney Annette L. Hayes**
Western District of Washington
700 Stewart Street, Suite 5220
Seattle, WA 98101

May 26, 2016                              /s/ Thaddeus Talbot
                                          Thaddeus Talbot

CERTIFICATE OF SERVICE
NO. 2:16-CV-00538-JLR

AMERICAN CIVIL LIBERTIES UNION OF
WASHINGTON FOUNDATION
901 FIFTH AVENUE #630
SEATTLE, WA 98164
(206) 624-2184