# EXHIBIT A

THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Microsoft Corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>U.S. Department of Justice, and Loretta Lynch, in her official capacity as Attorney General of the United States,<br><br>    Defendants.<br><br>American Civil Liberties Union and American Civil Liberties Union Foundation,<br><br>    Plaintiffs–Intervenors,<br><br>    v.<br><br>U.S. Department of Justice, and Loretta Lynch, in her official capacity as Attorney General of the United States,<br><br>    Defendants in Intervention. | No. 2:16-cv-00538-JLR<br><br>**[PROPOSED] COMPLAINT IN INTERVENTION FOR DECLARATORY AND INJUNCTIVE RELIEF** |

[PROPOSED] COMPLAINT
IN INTERVENTION - 1
No. 2:16-cv-00538-JLR

AMERICAN CIVIL LIBERTIES UNION OF
WASHINGTON FOUNDATION
901 FIFTH AVENUE #630
SEATTLE, WA 98164
(206) 624-2184

**INTRODUCTION**

1. This complaint challenges the constitutionality of the government's failure to provide notice to individuals whose communications it acquires under the Electronic Communications Privacy Act. Plaintiffs–Intervenors are customers of Microsoft who strongly support Microsoft's claims in this suit, and who have intervened to assert their Fourth Amendment right to notice from the government in the event the government acquires their constitutionally protected information from Microsoft.

2. The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." A bedrock requirement of that guarantee is that the government notify those whose Fourth Amendment interests it invades. This requirement of notice ensures that aggrieved individuals can contest the lawfulness of the government's searches and seizures, and it guards against the secret assertion and accretion of executive authority. Indeed, government notice has been a regular and constitutionally required feature of search and seizure warrants since the nation's founding. The government's notice need not be contemporaneous with the search or seizure, but it is required once any exigency justifying delay has lapsed.

3. As a consequence of the rapid digitization of personal papers over the past two decades, individuals increasingly store their constitutionally protected information on the servers of third-party service providers. The Electronic Communications Privacy Act ("ECPA") generally governs the government's acquisition of such information.

4. While ECPA permits the government to obtain individuals' stored electronic communications using several different methods, in practice the government ordinarily relies on a warrant to compel disclosure. This is likely so because the only federal appeals court to have

[PROPOSED] COMPLAINT
IN INTERVENTION - 2
No. 2:16-cv-00538-JLR

AMERICAN CIVIL LIBERTIES UNION OF
WASHINGTON FOUNDATION
901 FIFTH AVENUE #630
SEATTLE, WA 98164
(206) 624-2184

addressed the issue has held that electronic communications are protected by the Fourth Amendment even when stored on third-party servers, *see United States v. Warshak*, 631 F.3d 266 (6th Cir. 2010), and because major service providers, such as Microsoft, now generally insist that the government obtain a warrant before they turn over the content of their customers' communications.

5. When the government obtains a warrant under ECPA, the statute permits the government to acquire an individual's electronic communications "without required notice to the subscriber or customer." 18 U.S.C. § 2703(b)(1)(A). Relying on this provision, the government's now-routine practice is to acquire individuals' electronic communications directly from third-party service providers without giving any notice—delayed or otherwise—to the individuals whose information it has obtained. This practice has thus far evaded meaningful judicial review, largely because those denied notice are unaware of their injury, and those who learn of the government's search through other means no longer need the notice that the government failed to provide.

6. Some individuals do learn that the government has acquired their communications under ECPA, because several major service providers, including Microsoft, have a policy of notifying their customers of the search and seizure of their information when not precluded from doing so by "gag orders." Plaintiffs–Intervenors applaud Microsoft and other providers for having adopted such policies, but those policies are not a substitute for government notice. The government's obligation to provide notice is an independent, constitutional one that is legally binding on the government.

7. For these reasons, Plaintiffs–Intervenors American Civil Liberties Union and American Civil Liberties Union Foundation (collectively "ACLU") bring this Complaint in

[PROPOSED] COMPLAINT
IN INTERVENTION - 3
No. 2:16-cv-00538-JLR

AMERICAN CIVIL LIBERTIES UNION OF
WASHINGTON FOUNDATION
901 FIFTH AVENUE #630
SEATTLE, WA 98164
(206) 624-2184

Intervention seeking declaratory and injunctive relief requiring the government to provide notice to the affected individuals when it compels Microsoft to disclose the constitutionally protected communications of its customers.

## PARTIES

8. Plaintiff–Intervenor American Civil Liberties Union is a Microsoft customer and a nationwide, nonprofit, nonpartisan 26 U.S.C. § 501(c)(4) organization with approximately 500,000 members dedicated to the principles of liberty and equality embodied in the Constitution and this nation's civil rights laws. The American Civil Liberties Union sues on its own behalf and on behalf of its staff.

9. Plaintiff–Intervenor American Civil Liberties Union Foundation is a Microsoft customer and a separate § 501(c)(3) organization that educates the public about civil liberties and employs lawyers who provide legal representation free of charge in cases involving civil liberties. The American Civil Liberties Union Foundation sues on its own behalf and on behalf of its staff.

10. Plaintiff Microsoft is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Redmond, Washington. Microsoft offers cloud-computing services and software to enable email communication and storage. As relevant to Plaintiffs–Intervenors, Microsoft's products and services include Office 365 (which includes the email service Outlook), Exchange Server (an email server), and Azure (a cloud-computing platform).

11. Defendant United States Department of Justice ("DOJ") is an agency of the executive branch of the federal government, employees of which regularly apply for warrants to

[PROPOSED] COMPLAINT
IN INTERVENTION - 4
No. 2:16-cv-00538-JLR

AMERICAN CIVIL LIBERTIES UNION OF
WASHINGTON FOUNDATION
901 FIFTH AVENUE #630
SEATTLE, WA 98164
(206) 624-2184

obtain the records of Microsoft's customers under 18 U.S.C. § 2703 without providing notice to them.

12. Defendant Loretta Lynch, sued in her official capacity, is the Attorney General of the United States. Attorney General Lynch has ultimate authority over the DOJ.

## JURISDICTION AND VENUE

13. This case arises under the Constitution of the United States and presents a federal question within this Court's jurisdiction under 28 U.S.C. § 1331.

14. The Court has authority to issue declaratory and injunctive relief under 28 U.S.C. §§ 2201 and 2202 and Rules 57 and 65 of the Federal Rules of Civil Procedure.

15. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because compliance with any DOJ demands for disclosure of customer communications takes place primarily in this district.

16. Plaintiffs–Intervenors satisfy the standard for intervention as a matter of right under Federal Rule of Civil Procedure 24(a) because: (1) Plaintiffs–Intervenors' request to intervene is timely; (2) Plaintiffs–Intervenors have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) Plaintiffs–Intervenors are so situated that disposition of the action may as a practical matter impair or impede their ability to protect their interests; and (4) Plaintiffs–Intervenors' interests are distinct from those of the existing parties to the action. Alternatively, Plaintiffs–Intervenors satisfy the standards for permissive intervention under Federal Rule of Civil Procedure 24(b).

[PROPOSED] COMPLAINT
IN INTERVENTION - 5
No. 2:16-cv-00538-JLR

AMERICAN CIVIL LIBERTIES UNION OF
WASHINGTON FOUNDATION
901 FIFTH AVENUE #630
SEATTLE, WA 98164
(206) 624-2184

# FACTS

## ECPA's Notice Scheme

17.     This lawsuit concerns the constitutionality of the government's use of ECPA to obtain the electronic communications of Microsoft's customers, including Plaintiffs–Intervenors, without providing notice to those customers.

18.     ECPA permits the government to compel service providers to disclose "the contents of a wire or electronic communication," 18 U.S.C. § 2703, in three ways: (1) using a warrant issued under the Federal Rules of Criminal Procedure, *id.* § 2703(a), (b)(1)(A); (2) using an administrative, grand-jury, or trial subpoena, *id.* § 2703(b)(1)(B)(i); or (3) using a so-called "2703(d) order" issued by a court under a subpoena-like standard of proof, *id.* § 2703(d).

19.     Under ECPA, the government's statutory obligation to provide notice to those whose communications it acquires turns on the particular authority the government relies on to compel disclosure. If the government relies on a subpoena or 2703(d) order, the government must provide "prior notice" to the subscriber or customer, although it may delay that notification for renewable 90-day periods upon a judicial finding of exigency. 18 U.S.C. § 2705(a). If the government obtains a warrant, however, it may compel disclosure "without required notice to the subscriber or customer," 18 U.S.C. § 2703(b)(1)(A), even when there is no exigency justifying secrecy.

20.     Today, the government ordinarily uses a warrant when it seeks individuals' electronic communications from third-party service providers. That practice is consistent with a federal appeals court decision holding that the Fourth Amendment's warrant requirement protects electronic communications even when they are stored on third-party servers. And it is

[PROPOSED] COMPLAINT
IN INTERVENTION - 6
No. 2:16-cv-00538-JLR

AMERICAN CIVIL LIBERTIES UNION OF
WASHINGTON FOUNDATION
901 FIFTH AVENUE #630
SEATTLE, WA 98164
(206) 624-2184

1  consistent with the policies of major service providers, such as Microsoft, which typically insist

2  on a warrant before disclosing the content of their customers' communications.

3  21.  Because ECPA does not require the government to provide notice when it relies

4  on a warrant, however, the government now routinely searches and seizes individuals' electronic

5  communications without providing any notice to those whose private information it has obtained.

6  22.  At the same time, the government often takes steps to bar providers like Microsoft

7  from notifying their customers of the search and seizure of their communications. ECPA permits

8  the government to apply for a court order prohibiting a service provider from notifying anyone of

9  the existence of the disclosure order that the provider has received. 18 U.S.C. § 2705(b). In some

10 cases, these "gag orders" last indefinitely.

11 23.  Absent a gag order, providers are permitted to notify customers of the existence of

12 disclosure orders, but ECPA does not require them to do so. When permitted, some providers

13 voluntarily notify their customers and subscribers of the disclosure of their records. For example,

14 Microsoft announced that the company is committed to notifying customers when it receives

15 legal orders requesting their data, unless they are legally prohibited from doing so. Microsoft has

16 also announced that it will challenge certain gag orders issued under ECPA. Similarly, Google

17 and Apple have committed to providing notice to their customers when they are not prohibited

18 from doing so.

19 24.  Microsoft reportedly received more than 5,000 federal demands for customer

20 information or data between September 2014 and March 2016. Nearly half of those demands

21 were accompanied by gag orders preventing Microsoft from notifying the affected customers that

22 the government had requested their information. The majority of those gag orders contained no

23 time limit.

[PROPOSED] COMPLAINT
IN INTERVENTION - 7
No. 2:16-cv-00538-JLR

AMERICAN CIVIL LIBERTIES UNION OF
WASHINGTON FOUNDATION
901 FIFTH AVENUE #630
SEATTLE, WA 98164
(206) 624-2184

**The ACLU's Fourth Amendment Interests**

25. On April 14, 2016, Microsoft filed an action seeking a judgment declaring that 18 U.S.C. § 2705(b) is invalid under the First Amendment because the provision imposes an overbroad and content-based restriction on Microsoft's speech, and under the Fourth Amendment because the provision prevents customers from receiving the notice to which they are constitutionally entitled. The ACLU intervenes in that suit.

26. While the ACLU agrees that section 2705(b) is unconstitutionally overbroad in violation of the First Amendment rights of Microsoft and similarly situated providers, the ACLU intervenes in this action to protect its Fourth Amendment right to receive notice from the government of the search and seizure of its communications.

27. The ACLU is a Microsoft customer. It relies on Microsoft's Office 365 service and its Exchange Server to send, receive, and store email communications containing personal and private information. For example, the ACLU's staff includes attorneys who engage in sensitive and, in many cases, privileged communications with clients, colleagues, witnesses, experts, and government officials. These communications regularly contain discussions of litigation strategy, along with personal, private, and sensitive facts about ACLU staff members or those with whom they communicate. The ACLU also relies on Microsoft's Azure cloud-computing platform to host the organization's intranet, which ACLU staff members use to communicate with one another and with the staff members of the ACLU's fifty-three state-based affiliate offices. The ACLU considers its electronic communications over these channels to be private and confidential.

[PROPOSED] COMPLAINT
IN INTERVENTION - 8
No. 2:16-cv-00538-JLR

AMERICAN CIVIL LIBERTIES UNION OF
WASHINGTON FOUNDATION
901 FIFTH AVENUE #630
SEATTLE, WA 98164
(206) 624-2184

28.     As Microsoft customers who store sensitive communications on Microsoft's servers, the ACLU has an acute interest, guaranteed by the Fourth Amendment, in receiving notice from the government when the government obtains its communications from Microsoft.

## CAUSE OF ACTION

### Fourth Amendment

29.     The Fourth Amendment to the U.S. Constitution protects against unreasonable searches and seizures. A search or seizure is *per se* unreasonable under the Fourth Amendment unless the government provides notice of the intrusion to the person whose privacy or possessory interests it has invaded. Though the government may delay the provision of notice in some circumstances for a reasonable period of time, the government may not withhold notice altogether.

30.     The ACLU has a reasonable expectation of privacy and protected possessory interests in its electronic communications stored by Microsoft. The government's search or seizure of the ACLU's records must, therefore, comply with the Fourth Amendment. To comply with the Fourth Amendment, the government must provide notice to the ACLU when it obtains the ACLU's electronic communications from Microsoft.

31.     The government's search and seizure of communications pursuant to 18 U.S.C. § 2703 violates the Fourth Amendment to the extent that the government does not provide notice of the intrusion to those whose records the government has obtained.

32.     If the government is not enjoined from obtaining the electronic communications of the ACLU and other individuals without notice, they will suffer irreparable injury to their constitutional right to be free from unreasonable searches and seizures.

[PROPOSED] COMPLAINT
IN INTERVENTION - 9
No. 2:16-cv-00538-JLR

AMERICAN CIVIL LIBERTIES UNION OF
WASHINGTON FOUNDATION
901 FIFTH AVENUE #630
SEATTLE, WA 98164
(206) 624-2184

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs–Intervenors respectfully ask this Court for:

a.  A declaration that the Fourth Amendment requires the government to provide notice to the Microsoft customers or subscribers whose electronic communications it obtains under ECPA;

b.  A declaration that 18 U.S.C. § 2703 is unconstitutional to the extent it permits the government to obtain electronic communications without providing notice to the Microsoft customers or subscribers whose communications it has obtained.

c.  Appropriate injunctive relief, including, but not limited to, a permanent injunction prohibiting the government from obtaining electronic communications, including those of Plaintiffs–Intervenors, under ECPA without providing the notice described above;

d.  Attorneys' fees and costs; and

e.  Such other and other further relief that the Court deems just and proper.

May 26, 2016

Respectfully submitted,

 /s/ Emily Chiang
Emily Chiang, WSBA No. 50517
ACLU of Washington Foundation
901 Fifth Avenue, Suite 630
Seattle, WA 98164
(206) 624-2184
echiang@aclu-wa.org

Alex Abdo*
Eliza Sweren-Becker*
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500

[PROPOSED] COMPLAINT
IN INTERVENTION - 10
No. 2:16-cv-00538-JLR

AMERICAN CIVIL LIBERTIES UNION OF
WASHINGTON FOUNDATION
901 FIFTH AVENUE #630
SEATTLE, WA 98164
(206) 624-2184

aabdo@aclu.org
* *pro hac vice* application pending

*Counsel for Plaintiffs–Intervenors*

[PROPOSED] COMPLAINT
IN INTERVENTION - 11
No. 2:16-cv-00538-JLR

AMERICAN CIVIL LIBERTIES UNION OF
WASHINGTON FOUNDATION
901 FIFTH AVENUE #630
SEATTLE, WA 98164
(206) 624-2184