The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Microsoft Corporation | ) No. 16-cv-00538-JLR |
| | ) |
| v. | ) **DEFENDANTS' BRIEF IN** |
| | ) **OPPOSITION TO PUTATIVE** |
| | ) **INTERVENORS' MOTION TO** |
| The United States Department of Justice, and | ) **INTERVENE** |
| Loretta Lynch, in her official capacity as | ) |
| Attorney General of the United States | ) **NOTED FOR:** July 8, 2016 |
| | ) |
| | ) |

## INTRODUCTION

In their motion to intervene, the American Civil Liberties Union ("ACLU") and ACLU Foundation (collectively, "putative intervenors" or "ACLU") seek to join Microsoft's challenge to 18 U.S.C. § 2703, which, along with Rule 41 of the Federal Rules of Criminal Procedure, allows notice of a search warrant to be given at the physical location where a warrant is served.[1]  ACLU's motion to intervene does not allege that it has ever been, or is likely to be, the targeted subscriber of a search warrant issued to Microsoft under Section 2703 in a criminal investigation, and therefore does not demonstrate that there would be subject matter jurisdiction over ACLU's claim that it should be entitled to separate notice when such a search warrant is served.  Moreover, ACLU must establish its own standing at this stage, because Microsoft likewise fails to establish the Court's subject matter jurisdiction over its Section 2703 claim.[2]

---

[1] ACLU does not seek to intervene in Microsoft's other claim, challenging 18 U.S.C. § 2705(b).
[2] Below, the Government briefly addresses Microsoft's lack of standing for its Section 2703 claim because that factor impacts ACLU's motion to intervene.  Under the current briefing schedule, the Government's Motion to

Opposition to Motion to Intervene
(No. 16-cv-00538-JLR) – 1

1   Further, ACLU's motion does not demonstrate that intervention is necessary to protect ACLU's

2   interests or would be helpful to this Court's resolution of Microsoft's claims, foundational

3   requirements for its motion to intervene.  Intervention should therefore be denied.

4                                   **BACKGROUND**

5        On June 17, 2016, Microsoft filed the Amended Complaint in this action, *see* ECF No.

6   28 ("Amended Complaint"), seeking declaratory judgments that 18 U.S.C. § 2703 and 18

7   U.S.C. § 2705(b) are unconstitutional.  *See id.* at 18 ("Prayer for Relief").

8        Section 2703 provides the Government with a wide variety of tools for obtaining

9   records and information pertaining to customers and subscribers of electronic service providers.

10  *See generally* 18 U.S.C. § 2703.  The records and communications that may be obtained under

11  section 2703 fall into three categories: basic subscriber information, such as billing and

12  connection records (*see* 18 U.S.C. § 2703(c)(2)), other non-content records and information,

13  such as email message headers (other than the subject line) (*see* 18 U.S.C. § 2703(c)(1)), and

14  the contents of electronic communications (*see* 18 U.S.C. §§ 2703(a), (b)).  Basic subscriber

15  information can be obtained using a grand jury or trial subpoena, an administrative subpoena

16  authorized by a federal or state statute, a court order under section 2703(d), or a search warrant.

17  *See* 18 U.S.C. § 2703(c)(2).  Non-content records and other information pertaining to a

18  subscriber or customer beyond the categories of basic subscriber information listed in section

19  2703(c)(2) may be obtained via a court order pursuant to section 2703(d) or with a search

20  warrant.  *Id.* § 2703(c)(1)(A), (B).  The Government can obtain the contents of electronic

21  communications pursuant to a search warrant using the procedures described in the Federal

22  Rules of Criminal Procedure or equivalent state procedures.[3]  *See id.* § 2703(a), (b)(1)(A).  The

23  _____

24  Dismiss Microsoft's Amended Complaint is set to be filed on or before July 22, 2016.
[3] The relevant notice requirement in Federal Rule of Criminal Procedure 41 provides the following: "The officer
25  executing the warrant must give a copy of the warrant and a receipt for the property taken to the person from
whom, or from whose premises, the property was taken or leave a copy of the warrant and receipt at the place
26  where the officer took the property." Fed. R. Crim. Pro. 41(f)(1)(C).  Rule 41 thus allows for several forms of
notice, and is satisfied by leaving a copy of the warrant and receipt at the place where the officer took the property.
27  See, e.g., *U.S. v. Bansal*, 663 F.3d 634, 662-63 (3d Cir. 2011) (notice to internet service provider upon which
search warrants were executed rather than to subscriber was adequate); *United States v. Zacher*, 465 F.3d 336, 339
(8th Cir. 2006) (notice to FedEx rather than sender was adequate under state statute similar to Rule 41).

Opposition to Motion to Intervene
(No. 16-cv-00538-JLR) – 2

United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave. NW
Washington, DC 20002
202-353-0533

statute also provides a process for the Government to obtain the contents of electronic

communications without a warrant under certain circumstances. *See id.* § 2703(b)(1)(B).[4]

Microsoft challenges Sections 2703(a) and (b)(1)(A) only, asserting "Fourth Amendment rights

[that] belong to [its] customer[s]," as unconstitutional to the extent that it permits the

Government to obtain information through "warranted searches" without providing notice to

those customers.  ECF No. 28 at ¶ 38; ECF No. 28 at 18 ("Prayer for Relief, (c)).

    Section 2705(b) complements Section 2703 by allowing the Government to seek a court

order that prevents the electronic service provider from whom information is obtained pursuant

to section 2703 from disclosing the fact it has received Section 2703 process regarding a

particular customer, in those circumstances where the Government is not required itself to

provide notice to the customer.  *Compare* 18 U.S.C. § 2705(a) (authorizing the Government to

seek an order delaying required notice under Section 2703) *with* 18 U.S.C. § 2705(b).  Section

2705(b) authorizes the court to enter a nondisclosure order regarding a specific warrant,

subpoena, or other court order "for such period as the court deems appropriate." 18 U.S.C.

§ 2705(b).  To issue such an order, the statute requires that the court "determine[]," for the

warrant in question, "that there is reason to believe that notification of the existence of the

warrant . . . will result in": (1) endangerment of an individual's life or physical safety; (2) flight

from prosecution; (3) destruction of or tampering with evidence; (4) intimidation of potential

witnesses; or (5) seriously jeopardizing an investigation or causing undue delay of a trial.  *Id.*

    On May 26, 2016, ACLU filed a motion to intervene, ECF No. 13, and the proposed

Complaint in Intervention, ECF No. 13-1, seeking a declaration that 18 U.S.C. § 2703 is

unconstitutional (to the extent that it allows the government to obtain the contents of

---

[4]  In practice, the use of the means authorized by 18 U.S.C. § 2703(b)(1)(B) to obtain the contents of
communications is exceedingly rare and many electronic service providers, including Microsoft, refuse to produce
content without a search warrant in reliance on the decision of the United States Court of Appeals for the Sixth
Circuit in *United States v. Warshak*, 631 F.3d 266, 288 (6th Cir. 2010) (holding that the use of a § 2703(d) order to
obtain the contents of emails stored by a commercial internet service provider violated the Fourth Amendment
because the subscriber maintained a reasonable expectation of privacy in the contents).  *See* Microsoft
Transparency Hub, Principles, Policies, and Practices FAQ, *available at* https://www.microsoft.com/
about/csr/transparencyhub/pppfaq/ ("Like other companies, we implemented the holding of *U.S. v. Warshak*").

United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave. NW
Washington, DC 20002
202-353-0533

communications from electronic service providers without notice to the customer or subscriber).[5]  *See* ECF No. 13-1 at 10 ("Prayer for Relief").  It has not amended its motion to intervene following the filing of the Amended Complaint.

## ARGUMENT

### I.   The Motion To Intervene Should Be Denied Because Intervention Would Be Futile.

A proposed intervention should be denied if it would be legally futile.  *See, e.g., Kirby v. Coastal Sales Assocs.*, 199 F.R.D. 111, 118 (S.D.N.Y. 2001); *Schad v. Brewer*, 2013 WL 5781104 (D. Ariz. Oct. 25, 2013) (intervention denied where "alleged injury is too speculative to give rise to a case or controversy"); *see also* 7C Charles Alan Wright et al., Federal Practice and Procedure § 1914 (3d ed. 2007) ("The proposed pleading must state a good claim for relief or a good defense.").  ACLU seeks to intervene in this action to assert a claim against 18 U.S.C. § 2703.  Because subject matter jurisdiction is lacking over this claim, both as pleaded by ACLU's complaint in intervention and as pleaded in Microsoft's Amended Complaint, intervention would be futile and ACLU's motion should be denied.

### A.   ACLU Lacks Standing To Challenge Section 2703.

"Article III of the Constitution limits federal courts' jurisdiction to certain 'Cases' and 'Controversies.'"  *Clapper v. Amnesty Intern. USA*, 133 S. Ct. 1138, 1146 (2013); *see DaimlerChrysler v. Cuno.*, 547 U.S. 332, 340-42 (2006).  This limitation requires that parties "establish that they have standing to sue."  *Clapper*, 133 S. Ct. at 1146.  "[T]he irreducible constitutional minimum of standing contains three elements."  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  First, the plaintiff must have suffered an "injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical."  *Id.* (internal quotations omitted).  Second, the injury must be "fairly ... trace[able] to the challenged action of the defendant."  *Id.*  Finally, "it

---

[5] Like Microsoft's Complaint, ACLU's Proposed Complaint in Intervention places only the Government's use of search warrants at issue.  *See* ECF No. 13-1 at ¶¶ 19, 21, 31.  This is because, if the Government uses section 2703(b)(1)(A) to obtain content without a warrant, the Government is required to provide the customer or subscriber with notice.  *See id.* § 2705(a); ECF No. 13-1 at ¶¶ 18-19.

Opposition to Motion to Intervene
(No. 16-cv-00538-JLR) – 4

United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave. NW
Washington, DC 20002
202-353-0533

must be likely, as opposed to merely speculative, that the injury will be redressed by a

favorable decision." *Id.* at 561.  The party seeking to establish jurisdiction "bears the burden of

establishing these elements," *id.*, and the "standing inquiry has been especially rigorous when

reaching the merits . . . would force [a court] to decide whether an action taken by one of the

other two branches of the Federal Government was unconstitutional." *Raines v. Byrd*, 521 U.S.

811, 819-20 (1997).

Here, ACLU has suffered no cognizable injury in fact.  Indeed, the proposed complaint

in intervention does not even attempt to describe any injury suffered by ACLU whatsoever.

*See* ECF No. 13-1 at ¶¶ 25-32.  ACLU alleges that it is "a Microsoft customer," *id.* at ¶ 27, and

alleges an "interest . . . in receiving notice from the government when the government obtains

its communications from Microsoft," *id.* at ¶ 28, but nowhere does ACLU set forth a non-

speculative allegation that the Government has *ever* obtained its communications from

Microsoft pursuant to a Section 2703 warrant, or that the Government is likely to do so in the

future.  At most, ACLU alleges a hypothetical, speculative injury, "in the event" or "if" the

Government "searches or seizes their communications in the future," *see* ECF No. 13 at 1, 6, 8,

and this is plainly insufficient for Article III standing.  *Lujan*, 504 U.S. at 560.

The wide gulf between ACLU's allegations and the minimum injury required by Article

III is well-illustrated by reference to the allegations found insufficient by the Supreme Court in

*Clapper*.  There, the Court concluded that Amnesty International lacked standing to bring a

constitutional challenge to alleged electronic surveillance by the Government.  *See* 133 S. Ct.

1147-50.  As ACLU does here, Amnesty alleged in *Clapper* that the Government might

possibly obtain "sensitive" and "sometimes privileged" electronic communications of theirs

through electronic surveillance.  *Compare id.* at 1145 *with* ECF No. 13-1 at ¶ 27.  In *Clapper*,

the Supreme Court concluded that even with an "objectively reasonable likelihood" that

communications would be intercepted in the future, Amnesty had not satisfied the standard that

a "threatened injury must be certainly impending."  133 S. Ct. at 1147-48.  As the Court

observed, any injury rested on a "highly attenuated chain of possibilities," including: 1) that

Opposition to Motion to Intervene
(No. 16-cv-00538-JLR) – 5

"the Government will decide to target" communications of the challenger; 2) that, "in doing so, the Government will choose to invoke its authority under [the challenged section] rather than utilizing another method of surveillance"; 3) that a neutral judge "will conclude that the Government's proposed" order regarding the surveillance is warranted. *Id.* ACLU's attempt at intervention here does not even allege any likelihood, let alone an "objectively reasonable likelihood," that ACLU's communications will be targeted and that the Government has used or will use a search warrant under Section 2703 to obtain ACLU's electronic communications from Microsoft. Even if ACLU had made such allegations, any injury would require a similar chain of speculation to that in *Clapper* and standing still would be absent.[6] The ACLU is therefore clearly seeking an advisory opinion requiring notice "if and when" their records might be obtained by the Government from Microsoft under Section 2703 – an opinion that would plainly fall outside of Article III case and controversy requirements. *Cf. Thomas v. Anchorage Equal Rights Comm.*, 220 F.3d 1134, 1138 (9th Cir. 1999).

**B. ACLU Must Establish Standing Because Microsoft Has Not Done So.**

Furthermore, the Court cannot exercise subject matter jurisdiction over a claim by ACLU as a party intervenor on the theory that Microsoft has standing to challenge Section 2703. As will be explained further in the Government's forthcoming motion to dismiss Microsoft's Amended Complaint, Microsoft itself lacks standing for its challenge to Section 2703, and unless at least one party has standing, the Court lacks subject matter jurisdiction over the Section 2703 claim. *See DaimlerChrysler v. Cuno*, 547 U.S. 332, 352 (2006) (standing is required for "each claim . . . [and] each form of relief"); *accord Turner v. City and County of S.F.*, 892 F. Supp. 2d 1188, 1198 (N.D. Cal. 2012) ("Article III standing must be established for each claim, including those over which there is supplemental jurisdiction.").

It is beyond cavil that Microsoft may not assert the Fourth Amendment rights of its

---

[6] The Supreme Court in *Clapper* also rejected an allegation of injury based on the "measures" the challengers purportedly undertook "to avoid [statutorily]-authorized surveillance." 133 S. Ct. at 1150-51. The putative intervenors have made no similar allegations here.

Opposition to Motion to Intervene
(No. 16-cv-00538-JLR) – 6

United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave. NW
Washington, DC 20002
202-353-0533

customers because "Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted." *Alderman v. United States*, 394 U.S. 165, 174 (1969); *Rakas v. Illinois*, 439 U.S. 128, 134 (1978) ("A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed."). Microsoft expressly disavows that it has any relevant Fourth Amendment rights or interests of its own. *See* ECF No. 28 at ¶ 38. Nor can Microsoft sidestep the absence of personal injury by invoking the narrow exception for third-party standing, because it cannot satisfy at least two of the "three important criteria" identified in *Powers v. Ohio*, 499 U.S. 400, 410-11 (1991) (cited in Amended Compl., ECF No. 28 at ¶ 39), namely, that a party asserting such standing have suffered its own "injury in fact," or that it have a type of close relationship with its customers that would permit it to invoke their Fourth Amendment rights.[7] *Id.*

Intervention may not "be used to enlarge inappropriately the jurisdiction of the district courts." *Freedom from Religious Fdn.* ("*FFRF*") *v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011). Where neither the proposed intervenors nor the original plaintiff can establish their standing, ACLU's motion to intervene is plainly futile, *see Schad*, 2013 WL 5781104 at *2, and the Court need not address whether ACLU meets the standards for intervention under Rule 24. *See, e.g.*, *In re American White Cross, Inc.*, 296 B.R. 555, 559-60 (D. Del. 2001).

## II.     The Putative Intervenors Are Not Entitled to Intervention As Of Right.

Even if ACLU's motion to intervene were not futile, the motion should still be denied because ACLU cannot demonstrate that it is entitled to intervene as of right.  Under Fed. R. Civ. P. 24(a)(2), the court must permit intervention as of right to a pleader who: "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to

---

[7] Microsoft's erroneous legal arguments in support of third-party standing will be addressed in greater detail in the Government's forthcoming Motion to Dismiss. For example, Microsoft's asserted injury in fact stems from its alleged "business interest" in "customer trust." ECF No. 28 at ¶ 39. But this amorphous injury to business interests is insufficiently concrete to confer Article III standing. *See Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1548 (2016) ("concrete" injury sufficient to establish standing must "actually exist," be "real," and not "abstract").

Opposition to Motion to Intervene
(No. 16-cv-00538-JLR) – 7

United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave. NW
Washington, DC 20002
202-353-0533

protect its interest, unless existing parties adequately represent that interest." The Ninth Circuit

has provided that in order for an applicant to intervene, as of right:

> (1) the applicant must timely move to intervene; (2) the applicant must have a
> significantly protectable interest relating to the property or transaction that is the
> subject of the action; (3) the applicant must be situated such that the disposition of
> the action may impair or impede the party's ability to protect that interest; and (4)
> the applicant's interest must not be adequately represented by existing parties.

*Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003). "Although Rule 24(a)(2) is

construed broadly in favor of intervenors, the applicant bears the burden of showing that each

of the four elements is met." *FFRF*, 644 F.3d at 841 (emphasis added). "Failure to satisfy any

one of the requirements is fatal to the application." *Id*. "Each of these four requirements must

be satisfied to support a right to intervene." *Arakaki* at 1083 (9th Cir. 2003) (emphasis added).

### A. The Putative Intervenors Have Not Asserted a Protectable Interest That Is The Subject Of The Action.

ACLU's failure to describe any actual or likely circumstance in which ACLU has been

the target of a search warrant under Section 2703 or a Section 2705(b) order served on

Microsoft is fatal to its ability to establish that the "protectable interest" prong is met. "An

applicant has a 'significant protectable interest' in an action if (1) it asserts an interest that is

protected under some law, and (2) there is a 'relationship' between its legally protected interest

and the plaintiff's claims." *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998). However,

this "interest must be related to the underlying subject matter of the litigation . . . [and] an

undifferentiated generalized interest in the outcome of an ongoing action is too porous a

foundation on which to premise intervention as of right." *U.S. v. Alisal Water Corp*., 370 F.3d

915, 920 (9th Cir. 2004). In accordance with this standard, the Ninth Circuit has rejected

intervention where a party's interest is "contingent" on future occurrences or otherwise

insubstantial. *See id.* ("prospective collectability of a debt" insufficient); *So. Cal. Edison Co. v.

Lynch*, 307 F.3d 794, 803 (9th Cir. 2002) ("contingent, unsecured claim" falls "far short of the

direct, non-contingent, substantial and legally protectable interest required").

Here, ACLU demonstrates only a generalized interest in promoting its view as to the

constitutionality of a statute, not an explicit interest at stake in the specific litigation. The

United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave. NW
Washington, DC 20002
202-353-0533

"underlying subject matter of the litigation," *Alisal*, 370 F.3d 920, is electronic communications obtained by the Government using a search warrant pursuant to Section 2703, and orders entered by individual judges requiring that Microsoft keep confidential the Government's use of Section 2703 process to obtain electronic communications.  Given that ACLU does not allege that it has been a subject of such process, ACLU's purported overall Fourth Amendment interest in the statute is nothing more than an "undifferentiated, generalized interest" in the Fourth Amendment possessed by all, an interest insufficient to support intervention as of right. *Id.*; *cf. Lance v. Coffman*, 549 U.S. 437, 441-42 (2007) (per curiam) ("undifferentiated, generalized grievance about the conduct of government . . ." indicates that a party has "no particularized stake in the litigation"); *Schlesinger v. Reserv. Comm. to Stop the War*, 418 U.S. 208, 220-21 (1974) (general constitutional allegations present an "interest . . . held in common by all members of the public" which adds no "dimension of specificity to the dispute").  ACLU is of course free to seek leave to file an amicus brief on questions of law in which it has an interest.  But it has not established any right to intervene as a party in this case to seek relief on its own behalf.  ACLU's motion to intervene as of right should therefore be denied.

### B. ACLU Not Shown That Microsoft Does Not Adequately Represent Its Interests Or That Intervention Is Necessary To Avoid Impairment To Its Interests.

To satisfy the standards for intervention as of right, ACLU must also show that existing parties do not "adequately represent" its interest in the claims, and that the disposition of the case will, "as a practical matter, impair or impede the[ir] ability to protect [their] interest." *Donnelly*, 159 F.3d at 409.  ACLU has not demonstrated any divergence of interests here.

"Although the burden of establishing inadequacy of representation may be minimal, the requirement is not without teeth."  *Prete v. Bradbury*, 438 F.3d 949, 956 (9th Cir. 2006).  "The most important factor in determining the adequacy of representation is how the interest compares with the interests of existing parties."  *Arakaki*, 324 F.3d at 1086.  "When an applicant for intervention and an existing party have the same ultimate objective, a presumption of adequacy of representation arises," and "a compelling showing should be required" where

Opposition to Motion to Intervene
(No. 16-cv-00538-JLR) – 9

the "applicant's interest is identical to that of one of the present parties." *Id.*; *accord FFRF*, 644 F.3d at 841 (presumption of adequate representation "can be rebutted only by a compelling showing to the contrary"). Here, ACLU, as a Microsoft customer, is indeed asserting an interest that is identical to Microsoft's claimed interest in its Fourth Amendment claim: as Microsoft's Amended Complaint explains, with regard to this claim, Microsoft seeks "to vindicate its customers' Fourth Amendment rights," Am. Compl. ¶ 38, not its own. Microsoft has thus already asserted the precise rights and interests ACLU seeks to press.

Under these circumstances, the putative intervenors have not made a "compelling showing" that their interests are different, or even a sufficient showing to overcome a lesser "presumption of adequacy." *Arakaki*, 324 F.3d at 1086. In their motion, ACLU proffers only that Microsoft has "diverse" interests and "responsibility to its shareholders," ECF No. 13 at 9, that might lead to conflicting interests, but this speculation falls far short of what is required. As an initial matter, ACLU does not identify any "substantive disagreement between it and the existing [plaintiff]," and the possibility of "a disagreement over litigation strategy or legal tactics" is insufficient to support intervention. *League of Latin American Citizens v. Wilson*, 131 F.3d 1297, 1306 (9th Cir. 1997). Moreover, Microsoft seeks to assert its "customers' Fourth Amendment rights" here and alleges that it has a "core business interest" in asserting those rights, contradicting ACLU's theory of conflicting interests. *Compare* Am. Compl. at ¶ 39 *with* ECF No. 13 at 9-10. And the "primary focus" of Microsoft's Complaint is not different than that of ACLU, ECF No. 13 at 10, because Microsoft amended its Complaint to include a claim that §2703 is unconstitutional. *See* ECF No. 28 at 18. Likewise, the failure to make relevant factual allegations in the proposed complaint precludes a conclusion that intervention would add "necessary [factual] elements to the proceedings."[8] ECF No. 13 at 11.

---

[8] To be sure, Microsoft's challenge to Section 2703 might be rejected on jurisdictional or other grounds, including, as noted herein, for lack of standing. But the fact the present party may lose on its claim does not mean the interests it seeks to vindicate differ from the putative intervenors. The question of adequacy of representation is a test of whether the "*interests* of a present party in the suit [are] sufficiently similar to" those of the proposed intervenor, and not whether the present party has any likelihood of success in its claims. *Blake v. Pallan*, 554 F.2d 947, 954-55 (9th Cir. 1977) (emphasis added); *accord Com. of Pa. v. Rizzo*, 530 F.2d 501, 505 (3d Cir. 1976) (possibility of an adverse result in litigation may be the "inescapable legal consequence of application of

United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave. NW
Washington, DC 20002
202-353-0533

Given the general terms in which ACLU's intervention is cast and the co-extensiveness of interests among the putative intervenors and Microsoft, there is also no reason to believe that these proceedings will impair ACLU's rights.  Declining to grant ACLU intervention in this case would not foreclose it from filing a separate lawsuit that seeks to vindicate its own rights and interests.  *See Silver v. Babbitt*, 166 F.R.D. 418, 429 (D. Ariz. 1994) ("Mere inconvenience caused by added expense and delay from having to file a separate lawsuit is not sufficient impairment to justify intervention as of right").  ACLU's claim that they "might have no other opportunity" to raise their claims in the future, ECF No. 13 at 8, is not only speculative, but inaccurate: if a customer is the subject of an investigation and the Government uses a search warrant to obtain its electronic communications, that customer will, in the vast majority of cases, learn about the warrant after arraignment during the discovery process. That is the time when an *actual* subject of an investigation may typically raise a Fourth Amendment claim.

In addition, ACLU has not attempted to allege any of the typical scenarios in which an impairment of legal rights has been found to justify intervention.  ACLU does not ground its motion to intervene in specific facts about its own circumstances, and there is no reason to believe that these proceedings will lead to factual findings or legal conclusions that would have preclusive effect on ACLU.  *Compare, e.g.*, *U.S. v. Oreg.*, 839 F.2d 635, 638-39 (9th Cir. 1988) (specific "factual and legal determinations" regarding hospital conditions could impair parties' interests in future litigation).  Nor is it the case that Microsoft seeks as a remedy policy changes that might be inconsistent with relief that ACLU might seek in their own action in the future. *Compare, e.g.*, *Johnson v. S.F. Unified School Dist.*, 500 F.2d 349, 353 (9th Cir. 1974) (proper to intervene in desegregation suit where policies sought could preclude availability of different remedies).  For these reasons as well, ACLU has not met its burden to show "impairment."

For these reasons, ACLU does not satisfy the legal standard for intervention as of right.

**III.     Permissive Intervention Should Also Be Denied**.

A district court may also grant permissive intervention under Fed. R. Civ. P. 24(b).

---

fundamental law to (the) facts" rather than sign of inadequacy) (internal quotations omitted).

Opposition to Motion to Intervene
(No. 16-cv-00538-JLR) – 11

United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave. NW
Washington, DC 20002
202-353-0533

"An applicant who seeks permissive intervention must prove that it meets three threshold requirements: (1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims." *Donnelly*, 159 F.3d at 412 (*citing N.W. Forest Resource Council v. Glickman*, 82 F.3d 825, 839 (9th Cir.1996)).  However, "[e]ven if an applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention." *Id.*

### A.  The Putative Intervenors Cannot Qualify For Permissive Intervention Because They Lack Independent Grounds For Jurisdiction.

To qualify for permissive intervention under Rule 24(b), an intervenor must establish that "the court has an independent basis for jurisdiction over the applicant's claims." *Donnelly*, 159 F.3d at 412.  As explained above, ACLU's motion and complaint do not demonstrate that ACLU has standing to bring the claims asserted, and standing is a necessary component of the independent basis of jurisdiction.  *See E.E.O.C. v. Nevada Resort Ass'n*, 792 F.2d 882, 885-87 (9th Cir. 1986); *Silver*, 166 F.R.D. 434; *Ctr. for Biological Diversity v. Brennan*, 571 F. Supp. 2d 1105, 1130 (N.D. Cal. 2007).  Therefore, intervention should be denied.

### B.  In Any Event, The Court Should Deny Permissive Intervention By Discretion.

Even if ACLU could meet the requirements of Rule 24(b), and ACLU cannot, the Government respectfully suggests that the Court exercise its discretion to deny permissive intervention.  "[T]he district court has discretion to deny permissive intervention," even when "an applicant satisfied [the] threshold requirements." *So. Cal. Edison*, 307 F.3d at 803.  As explained above, ACLU has not described any likelihood that ACLU is subject to any Section 2703 criminal warrants without notice or Section 2705(b) orders that underpin this litigation.  ACLU's speculative claims therefore would not provide the Court with additional concrete context for the constitutional challenges here.  *See supra* Part I.A.  For this reason, the proposed intervention would do nothing to assist the Court to reach decision on the central issues presented in this action, while adding complexity to its resolution.  The Court should proceed to resolve Microsoft's claims without inviting such further complication.

Opposition to Motion to Intervene
(No. 16-cv-00538-JLR) – 12

1

2                               **CONCLUSION**

3           For the foregoing reasons, the motion to intervene should be denied.

4   Dated:  June 29, 2016                    Respectfully submitted,

5
                                             BENJAMIN C. MIZER
6                                            Principal Deputy Assistant Attorney General
                                             United States Attorney
7
                                             ANNETTE L. HAYES
8                                            United States Attorney

9                                            KERRY KEEFE
                                             Civil Chief
10

11                                           ANTHONY J. COPPOLINO
                                             Deputy Director, Federal Programs Branch
12
                                             */s/ Eric J. Soskin*
13                                           ERIC J. SOSKIN, PA Bar #200663
                                             JENNIE KNEEDLER
14                                           Attorneys
                                             U.S. Department of Justice
15                                           Civil Division, Federal Programs Branch
                                             P.O. Box 883
16                                           Washington, D.C. 20044
                                             (202) 353-0533 (telephone)
17                                           (202) 616-8470 (facsimile)
                                             Eric.Soskin@usdoj.gov
18

19
                                             *Attorneys for Defendants*
20

21

22

23

24

25

26

27