THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Microsoft Corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>U.S. Department of Justice, and Loretta Lynch, in her official capacity as Attorney General of the United States,<br><br>  Defendants.<br><br>American Civil Liberties Union and American Civil Liberties Union Foundation,<br><br>  Plaintiffs–Intervenors,<br><br>  v.<br><br>U.S. Department of Justice, and Loretta Lynch, in her official capacity as Attorney General of the United States,<br><br>  Defendants in Intervention. | No. 2:16-cv-00538-JLR<br><br>**REPLY MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE**<br><br>**NOTE ON MOTION CALENDAR:**<br>JULY 8, 2016<br><br>**Oral Argument Requested** |

INTS.' REPLY RE: MOT. TO INTERVENE - i
No. 2:16-cv-00538-JLR

AMERICAN CIVIL LIBERTIES UNION OF
WASHINGTON FOUNDATION
901 FIFTH AVENUE #630
SEATTLE, WA 98164
(206) 624-2184

**TABLE OF CONTENTS**

Table of Authorities ................................................................................................................ iii

Introduction..............................................................................................................................1

Argument .................................................................................................................................1

    I.      The government's standing arguments ignore controlling Ninth Circuit case law holding that intervenors need not independently establish Article III standing. ....................................................................................................................1

    II.     Movants are entitled to intervene as of right or, in the alternative, permissively. .................................................................................................................3

Conclusion ...............................................................................................................................6

INTS.' REPLY RE: MOT. TO INTERVENE - ii  
No. 2:16-cv-00538-JLR

AMERICAN CIVIL LIBERTIES UNION OF  
WASHINGTON FOUNDATION  
901 FIFTH AVENUE #630  
SEATTLE, WA 98164  
(206) 624-2184

# TABLE OF AUTHORITIES

**Cases**

*100Reporters LLC v. Dep't of Justice*, 307 F.R.D. 269 (D.D.C. 2014) .......................................... 2

*Amazon v. Lay*, 2:10-cv-00664-MJP (W.D. Wash. Aug. 12, 2010) ................................................ 2

*Cal. ex rel. Lockyer v. United States*, 450 F.3d 436 (9th Cir. 2006) .......................................... 4, 5

*Californians for Safe Dump Truck Transp. v. Mendonca*, 152 F.3d 1184 (9th Cir. 1998) ................................................................................................................................. 5

*Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893 (9th Cir. 2011) ............................................................................................................................. 3, 4

*Citizens Opposing Pollution v. Jewell*, No. 14-1107-DRH, 2015 WL 4594167 (S.D. Ill. July 30, 2015) ......................................................................................................... 2

*Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138 (2013) ................................................................. 3

*Craig v. Boren*, 429 U.S. 190 (1976) ............................................................................................ 3

*Donnelly v. Glickman*, 159 F.3d 405 (9th Cir. 1998) .................................................................... 5

*Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489 (9th Cir. 1995) ......................... 5

*Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836 (9th Cir. 2011) .......................... 6

*Ill. Bell Tel. Co. v. FCC*, 911 F.2d 776 (D.C. Cir. 1990) .............................................................. 5

*In re Directives Pursuant to Section 105B of Foreign Intelligence Surveillance Act*, 551 F.3d 1004 (FICA Ct. Rev. 2008) ............................................................................. 3

*Laroe Estates, Inc. v. Town of Chester*, No. 15-1086-CV, 2016 WL 3615777 (2d Cir. July 6, 2016) ................................................................................................................... 2

*Powers v. Ohio*, 499 U.S. 400 (1991) ........................................................................................... 3

*Singleton v. Wulff*, 428 U.S. 106 (1976) ....................................................................................... 3

*Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810 (9th Cir. 2001) ................................... 3, 5

*United States v. Alisal Water Corp.*, 370 F.3d 915 (9th Cir. 2004) ............................................... 4

*United States v. Westinghouse Elec. Corp.*, 638 F.2d 570 (3d Cir. 1980) .................................... 3

*Vinson v. Washington Gas Light Co.*, 321 U.S. 489 (1944) .......................................................... 5

INTS.' REPLY RE: MOT. TO INTERVENE - iii
No. 2:16-cv-00538-JLR

AMERICAN CIVIL LIBERTIES UNION OF
WASHINGTON FOUNDATION
901 FIFTH AVENUE #630
SEATTLE, WA 98164
(206) 624-2184

*Vivid Entm't, LLC v. Fielding*, 774 F.3d 566 (9th Cir. 2014) ........................................................ 1

*Voigt v. Savell*, 70 F.3d 1552 (9th Cir. 1995) ............................................................................... 3

*Yniguez v. Arizona*, 939 F.2d 727 (9th Cir. 1991) ........................................................................ 2

INTS.' REPLY RE: MOT. TO INTERVENE - iv
No. 2:16-cv-00538-JLR

AMERICAN CIVIL LIBERTIES UNION OF
WASHINGTON FOUNDATION
901 FIFTH AVENUE #630
SEATTLE, WA 98164
(206) 624-2184

**INTRODUCTION**

Movants seek to intervene in this suit to protect their right to government notice of any search and seizure of their communications. Movants plainly meet the criteria for intervention, and the government's arguments to the contrary are meritless. Most critically, the government's opposition entirely ignores Ninth Circuit law holding that intervenors need *not* independently establish Article III standing, and it conflates the Ninth Circuit's requirement that intervenors demonstrate a "significantly protectable interest" with the Article III test for "injury in fact." Under controlling law, Movants must satisfy only Rule 24, and they have done so.

The government's arguments would also create a catch-22, in which neither Microsoft nor its customers could challenge the government's failure to provide notice at the point when the denial of that right matters most. According to the government, Microsoft does not have standing to defend its customers' right to notice, and Microsoft's customers, like Movants, may not defend their own right to notice until *after* they receive the primary relief they would seek— notice. The legal theories the government advances would, in other words, insulate from meaningful judicial scrutiny its unconstitutional policy of refusing to provide notice.

For these reasons and those below, the Court should grant Movants' motion to intervene, and it should do so in time for Movants to participate in the dispositive briefing currently scheduled.

**ARGUMENT**

**I.    The government's standing arguments ignore controlling Ninth Circuit case law holding that intervenors need not independently establish Article III standing.**

The government argues that Movants' intervention would be futile because Movants (and Microsoft, it intends to argue) lack standing, but that argument is a red herring. Although the government does not acknowledge it, it is settled law in this circuit that intervenors need satisfy *only* the requirements of Rule 24 and not—as the government suggests—Article III. *Vivid Entm't, LLC v. Fielding*, 774 F.3d 566, 573 (9th Cir. 2014) ("The Supreme Court has held that a

INTS.' REPLY RE: MOT. TO INTERVENE - 1
No. 2:16-cv-00538-JLR

AMERICAN CIVIL LIBERTIES UNION OF
WASHINGTON FOUNDATION
901 FIFTH AVENUE #630
SEATTLE, WA 98164
(206) 624-2184

1   party must have Article III standing both to initiate an action and to seek review on appeal. But
2   an intervenor who performs neither of those functions and no other function that *invokes* the
3   power of the federal courts need not meet Article III standing requirements."); *accord Yniguez v.*
4   *Arizona*, 939 F.2d 727, 731 (9th Cir. 1991); *Laroe Estates, Inc. v. Town of Chester*, No. 15-1086-
5   CV, 2016 WL 3615777, at *3 (2d Cir. July 6, 2016) (noting that the majority of circuits share
6   this view). For the reasons explained below and in their opening brief, Movants satisfy the
7   requirements of Rule 24, and that is all that is required.

8   Of course, Microsoft, the party invoking this Court's jurisdiction, must establish Article
9   III standing—but whether Microsoft has done so is not a question the Court can or should
10  resolve in connection with Movants' motion to intervene. Whether Microsoft's Fourth
11  Amendment claims raise a "case or controversy" will be briefed in accordance with the Court's
12  scheduling order. Indeed, in its opposition brief, the government declines to provide its full
13  argument against Microsoft's standing, *see* Gov't Opp. 6, and for good reason: it would be
14  inappropriate to resolve that question on Movant's motion to intervene and without Microsoft's
15  participation. The proper course is, instead, to resolve the motion to intervene now, clearing the
16  way for all relevant parties to participate in the briefing of the forthcoming dispositive motions.
17  *See Citizens Opposing Pollution v. Jewell*, No. 14-1107-DRH, 2015 WL 4594167, at *5 (S.D. Ill.
18  July 30, 2015) ("[I]t is procedurally proper to decide the intervention question before addressing
19  the merits of the motion to dismiss."); *100Reporters LLC v. DOJ*, 307 F.R.D. 269, 286–87
20  (D.D.C. 2014) ("The proper approach, rather, is to allow all interested parties to present their
21  arguments in a single case at the same time, especially when the intervenors have timely moved
22  to join this litigation at such a nascent stage—before the Court even has held a status conference
23  to discuss whether to set a briefing schedule for dispositive motions, let alone the actual filing of
24  the dispositive motions themselves."); *Amazon.com LLC v. Lay*, 2:10-cv-00664-MJP, at *4
25  (W.D. Wash. Aug. 12, 2010) (similar).

26  In any event, Microsoft unquestionably has standing. First, Microsoft has Article III
27  standing to raise its Fourth Amendment claims because it has been (and continues to be)

INTS.' REPLY RE: MOT. TO INTERVENE - 2
No. 2:16-cv-00538-JLR

AMERICAN CIVIL LIBERTIES UNION OF
WASHINGTON FOUNDATION
901 FIFTH AVENUE #630
SEATTLE, WA 98164
(206) 624-2184

compelled to turn over its customers' records thousands of times a year. *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1154–55 (2013) (citing *In re Directives Pursuant to Section 105B of Foreign Intelligence Surveillance Act*, 551 F.3d 1004, 1009 (FISA Ct. Rev. 2008)). Second, Microsoft's Fourth Amendment challenge overcomes the prudential limits on third-party standing because Microsoft maintains a close and ongoing connection to its customers, *see Craig v. Boren*, 429 U.S. 190, 195 (1976), not a merely "intermittent" one, *Voigt v. Savell*, 70 F.3d 1552, 1565 (9th Cir. 1995), and because Microsoft's customers face an insurmountable "hindrance" in defending their own right to notice at a time that matters, *see* Mot. to Intervene 2; *United States v. Westinghouse Elec. Corp.*, 638 F.2d 570, 574 (3d Cir. 1980) (recognizing third-party standing where "the absence of any notice to the employees of the subpoena means that no person other than Westinghouse would be likely to raise the privacy claim"). *See Powers v. Ohio*, 499 U.S. 400, 410–11 (1991) (discussing requirements for third-party standing).[1]

## II. Movants are entitled to intervene as of right or, in the alternative, permissively.

Movants have satisfied the four conditions for intervention as of right, which impose a minimal burden on proposed intervenors and are interpreted broadly in favor of intervention. *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 817–18 (9th Cir. 2001).

First, Movants' motion was timely, and the government does not argue otherwise.

Second, Movants have demonstrated that they have a "significantly protectable" interest in this action because (1) their interest is "protectable under some law," namely, the Fourth Amendment; and (2) their interest is directly related to Microsoft's Fourth Amendment claim. *See Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011).

The government claims that Movants have nothing more than an "undifferentiated" interest in this case, Gov't Opp. 9, but that ignores both law and fact. The government

---

[1] Moreover, Microsoft's own constitutional rights in this context are practically inseparable from those of its customers: Microsoft's First Amendment right to disclose surveillance demands is at least as extensive as its customers' Fourth Amendment right to notice of those demands. Where two parties' rights are intertwined, as here, third-party standing is particularly appropriate. *Singleton v. Wulff*, 428 U.S. 106, 114–15 (1976).

INTS.' REPLY RE: MOT. TO INTERVENE - 3
No. 2:16-cv-00538-JLR

1  improperly conflates Article III's injury-in-fact requirement for standing with Rule 24's

2  "protectable interest" test for intervention. Under Rule 24, "[n]o specific legal or equitable

3  interest need be established." *Citizens for Balanced Use*, 647 F.3d at 897. And Movant's interest

4  is emphatically *not* "undifferentiated"; they seek to intervene as Microsoft customers with an

5  acute interest in the constitutionality of the manner in which the government searches the records

6  of Microsoft's customers. This interest is, contrary to the government's suggestion, Gov't Opp.

7  8–9, "sufficiently 'direct, non-contingent, [and] substantial.'" *Cal. ex rel. Lockyer v. United

8  States*, 450 F.3d 436, 441 (9th Cir. 2006) (alteration in original).

9      Third, Movants may not have any other opportunity to vindicate their Fourth Amendment

10  right to government notice. *Id.* at 442; *United States v. Alisal Water Corp.*, 370 F.3d 915, 921

11  (9th Cir. 2004). When the government argues that Movants could file a separate lawsuit in place

12  of intervention here, *see* Gov't Opp. 11, it is playing a shell game. In any such lawsuit, the

13  government would contend (as it does here) that no injury in fact can be shown unless and until a

14  person is notified of a search after being charged with a crime, *id.* at 5, 11, at which point any

15  claim to require notice would almost surely be moot. Moreover, the government proposes no

16  avenue for relief for those searched but not charged with any crime.

17      Fourth, Movants have met the "minimal" burden of showing that their interests and those

18  of Microsoft are distinct. *See* Mot. to Intervene 9. The government argues that Movants' and

19  Microsoft's interests are "identical," Gov't Opp. 10, yet Movants and Microsoft are plainly

20  driven by different interests. Microsoft's primary interest in bringing its Fourth Amendment

21  claim is a broad one: to build customer trust by ensuring that its customers are informed when

22  the government demands their communications. *See* Microsoft Am. Compl. ¶¶ 14, 39.

23  Microsoft's amended complaint contemplates two paths that would satisfy this interest: a

24  decision holding that gag orders under 18 U.S.C. § 2705(b) are unconstitutional and a decision

25  requiring government notice. Movants' overriding interest, in contrast, is solely in ensuring that

26  the government provide notice of the search and seizure of their communications—because the

27  right to notice is *only* enforceable against the government. Movants' interest is, therefore, distinct

INTS.' REPLY RE: MOT. TO INTERVENE - 4
No. 2:16-cv-00538-JLR

AMERICAN CIVIL LIBERTIES UNION OF
WASHINGTON FOUNDATION
901 FIFTH AVENUE #630
SEATTLE, WA 98164
(206) 624-2184

from and more specific than Microsoft's, and Movants may seek a different remedy as a result. *See Berg*, 268 F.3d at 824 ("It is sufficient for Applicants to show that, because of the difference in interests, it is likely that Defendants will not advance the same arguments as Applicants."); *Lockyer*, 450 F.3d at 444 (recognizing that a willingness to suggest a narrower remedy "is an important consideration").

The Ninth Circuit has repeatedly allowed intervention in similar circumstances. It has allowed builders to intervene on the side of government entities because "the City's range of considerations in development [wa]s broader than the profit-motives animating [intervening] developers." *Berg*, 268 F.3d at 823. It has allowed a union to intervene alongside state agencies because the union's interests "were potentially more narrow and parochial than the interests of the public at large." *Californians for Safe Dump Truck Transp. v. Mendonca*, 152 F.3d 1184, 1190 (9th Cir. 1998). And it has allowed a state and county to intervene because a federal agency "represent[ed] a broader view than the more narrow, parochial interests of the [intervenors]." *Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1499 (9th Cir. 1995), *abrogated on other grounds by Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011).[2]

The government also argues that Microsoft and Movants assert the same rights and share a "primary focus." Gov't Opp. 10. But the fact that Movants and Microsoft raise a common claim does not undermine Movants' right to intervene; rather, that commonality is generally a prerequisite for intervention. *See, e.g.*, *Donnelly v. Glickman*, 159 F.3d 405, 410 (9th Cir. 1998); *Ill. Bell Tel. Co. v. FCC*, 911 F.2d 776, 786 (D.C. Cir. 1990) (holding that an intervenor had not properly raised an issue because it was not already before the court); *cf. Vinson v. Washington Gas Light Co.*, 321 U.S. 489, 498 (1944) ("[O]ne of the most usual procedural rules is that an

---

[2] Relatedly, Movants would provide the factual context necessary to understand the importance of the right to notice. *See* Mot. to Intervene 10–11. Movants expect to introduce these facts through declarations submitted during the merits briefing. That Movants have not yet done so in full detail in their proposed complaint, *see* Gov't Opp. 11, is irrelevant.

INTS.' REPLY RE: MOT. TO INTERVENE - 5
No. 2:16-cv-00538-JLR

AMERICAN CIVIL LIBERTIES UNION OF
WASHINGTON FOUNDATION
901 FIFTH AVENUE #630
SEATTLE, WA 98164
(206) 624-2184

1  intervenor is admitted to the proceeding as it stands, and in respect of the pending issues, but is
2  not permitted to enlarge those issues or compel an alteration of the nature of the proceeding.").

Finally, even if Movants were not entitled to intervene as a matter of right, the Court should allow them to intervene pursuant to Rule 24(b). *See* Mot. to Intervene 11–12. The government's argument against permissive intervention rests entirely on its conflation of the requirements of Article III with those of Rule 24. *See* Gov't Opp. 12. As explained above, the government simply ignores controlling Ninth Circuit law. *See Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 844 (9th Cir. 2011).

## CONCLUSION

Movants respectfully request that the Court grant their motion to intervene.

July 8, 2016                                          Respectfully submitted,

                                                       /s/ Alex Abdo
                                                      Alex Abdo (*pro hac vice*)
                                                      Eliza Sweren-Becker (*pro hac vice*)
                                                      Patrick Toomey*
                                                      Brett Max Kaufman*
                                                      American Civil Liberties Union Foundation
                                                      125 Broad Street, 18th Floor
                                                      New York, NY 10004
                                                      (212) 549-2500
                                                      aabdo@aclu.org
                                                      * on the brief

                                                       /s/ Emily Chiang
                                                      Emily Chiang, WSBA No. 50517
                                                      ACLU of Washington Foundation
                                                      901 Fifth Avenue, Suite 630
                                                      Seattle, WA 98164
                                                      (206) 624-2184
                                                      echiang@aclu-wa.org

                                                      *Counsel for Plaintiffs–Intervenors*

INTS.' REPLY RE: MOT. TO INTERVENE - 6
No. 2:16-cv-00538-JLR

AMERICAN CIVIL LIBERTIES UNION OF
WASHINGTON FOUNDATION
901 FIFTH AVENUE #630
SEATTLE, WA 98164
(206) 624-2184