UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE, et al.,<br><br>Defendants. | CASE NO. C16-0538JLR<br><br>ORDER DENYING STIPULATION AND PROPOSED ORDER REGARDING AMICUS CURIAE BRIEFING |

On August 18, 2016, the parties filed a stipulation and proposed order regarding amicus curiae briefing. (8/18/16 Stip. (Dkt. # 41)). The parties stipulate that they "consent to any amicus curiae brief filed in connection with the Federal Defendants' Motion to Dismiss" that meets three conditions: (1) "is timely filed on or before September 2, 2016," pursuant to the court's order on the briefing schedule for Defendants' motion to dismiss (*see* 6/14/16 Ord. (Dkt. # 26)); (2) "complies with the page limits set forth" in the court's order regarding briefs filed by *amici* (*see* 8/15/16 Ord.

ORDER- 1

(Dkt. # 40)); and (3) "is signed by an attorney admitted to practice before the [c]ourt." (8/18/16 Stip. ¶ 5.) The parties also stipulate that "a brief satisfying the criteria set forth in the previous sentence may be filed without the need for a separate application or motion seeking the [c]ourt's leave for filing." (*Id.*) Based on these stipulations, the parties ask the court to enter an order that reads in part: "The Clerk shall accept for filing any amicus curiae brief filed in connection with the pending Motion to Dismiss [Dkt. 38], provided the brief" meets the three criteria to which the parties stipulated. (*Id.* at 4.)

The court does not agree that everyone who wishes to should be free to file amicus curiae briefing on Defendants' motion to dismiss. If the court entered the parties' proposed order, the court would be unable to analyze whether a proposed amicus curiae brief would provide unique or helpful information beyond what the parties can provide. *See, e.g.*, *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005) (District courts may consider amicus briefs "concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." (internal quotations omitted)). To avoid this situation, the court will continue to require anyone seeking to file an amicus curiae brief to request leave of the court to do so.

Accordingly, the court DENIES the parties' stipulation and proposed order (Dkt. # 41). Any party seeking to file an amicus curiae brief related to Defendants' pending

motion to dismiss should seek leave of the court to do so no later than September 2, 2016, pursuant to the court's June 14, 2016, order.[1] (*See* 6/14/16 Ord. ¶ 5.)

Dated this 23rd day of August, 2016.

JAMES L. ROBART
United States District Judge

---

[1] Nothing in this order prohibits the parties from submitting a stipulation and proposed order consenting to any proposed amicus curiae briefing on Defendants' pending motion to dismiss that is sought by leave of court and meets the three criteria that the parties outlined.