The Honorable James L. Robart

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>        Plaintiff,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF JUSTICE, and LORETTA LYNCH, in her official capacity as Attorney General of the United States,<br><br>        Defendants. | No. 2:16-cv-00538-JLR<br><br>**STIPULATED MOTION OF AMAZON.COM, BOX, CISCO SYSTEMS, DROPBOX, EVERNOTE, GOOGLE, LINKEDIN, PINTEREST, SALESFORCE, SNAPCHAT, AND YAHOO FOR LEAVE TO PARTICIPATE AS AMICI CURIAE IN SUPPORT OF MICROSOFT CORPORATION**<br><br>**Noted on Motion Calendar:**<br>**September 2, 2016** |

MOTION FOR LEAVE TO PARTICIPATE
AS AMICI CURIAE
*Case No. 2:16-cv-00538-JLR*

HOGAN LOVELLS US LLP
555 THIRTEENTH STREET, N.W.
WASHINGTON, D.C. 20004
(202) 627-5600 FAX: (202) 637-5910

Amazon.com, Inc.; Box, Inc.; Cisco Systems, Inc.; Dropbox, Inc.; Evernote Corporation; Google Inc.; LinkedIn Corporation; Pinterest, Inc.; salesforce.com, inc.; Snapchat, Inc.; and Yahoo! Inc. hereby move for leave to participate as *amici curiae* in support of Microsoft Corporation in this litigation. A proposed brief is attached. Neither party opposes this motion. In support of their motion, movants state:

1. Microsoft seeks a declaration that two provisions of the Stored Communications Act—18 U.S.C. §§ 2703 and 2705(b)—are unconstitutional under the First and Fourth Amendments to the U.S. Constitution. Microsoft's lawsuit raises vitally important legal questions about the scope of the government's power both to search the private information that internet users store in the cloud without notifying the target of the search and to prohibit a provider of cloud computing services from informing a customer that her information has been searched.

2. District courts have inherent authority to permit non-parties to participate as *amici curiae* in a case and broad discretion in deciding whether to permit *amicus* briefs. *See Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982). "District courts may consider amicus briefs from non-parties 'concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'" *Skokomish Indian Tribe v. Goldmark*, 2013 WL 5720053, at *1 (W.D. Wash. Oct. 21, 2013) (Robart, J.) (quoting *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005)) (some internal quotation marks omitted). Generally speaking, "courts have exercised great liberality in permitting an amicus curiae to file a brief in a pending case." *In re Roxford Foods Litig.*, 790 F. Supp. 987, 997 (E.D. Cal. 1991) (quoting *United States v. Louisiana*, 751 F. Supp. 608, 620 (E.D. La. 1990)). A brief will typically be accepted if it is "timely and useful." *Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 846 (D.D.C. 1996) (internal quotation marks omitted). Movants' brief is both.

3. First, movants' brief is timely because it is filed on September 2, 2016, the date set for *amicus* submissions in this Court's scheduling order of June 14, 2016. Dkt. 26 ¶ 5; *see*

MOTION FOR LEAVE TO PARTICIPATE
AS AMICI CURIAE - 1
*Case No. 2:16-cv-00538-JLR*

HOGAN LOVELLS US LLP
555 THIRTEENTH STREET, N.W.
WASHINGTON, D.C. 20004
(202) 637-5600 FAX: (202) 637-5910

*also* Dkt. 42, at 2-3 (Aug. 23, 2016) (reiterating September 2 deadline for parties seeking to file an *amicus curiae* brief related to Defendants' pending motion to dismiss); *cf.* Fed. R. App. P. 29(e) ("An amicus curiae must file its brief . . . no later than 7 days after the principal brief of the party being supported is filed."). Movants' brief also complies with the page limit set forth in the Court's order of August 15, 2016 (Dkt. 40), because it does not exceed 12 pages in length, half the allowance for Microsoft's brief opposing Defendants' motion to dismiss. *See* W.D. Wash. Local Rule 7(e)(3); *cf.* Fed. R. App. P. 29(d).

4. Second, movants' brief is useful. This case presents legal questions that have ramifications beyond the parties directly involved, and movants' brief offers unique information and insight on those questions. In particular, movants provide a unique perspective as leading technology companies that provide cloud computing services to the public. Movants collectively respond to tens of thousands of government requests for user data pursuant to the Stored Communications Act each year. Movants have also been subject to nondisclosure orders under § 2705(b) and will likely be subject to many more such orders in the future unless § 2705(b) is declared unconstitutional. Movants' brief focuses on legal issues that have potential ramifications for the fundamental rights of entities beyond the parties directly involved in this litigation—including movants themselves, other providers of cloud computing services, and hundreds of millions of people who store private information in cloud accounts. Movants thus believe that the Court will benefit from the unique perspective and helpful information offered by their brief.

5. Movants have conferred with counsel for Microsoft and Defendants regarding this motion. The parties have consented to movants' participation as *amici curiae*.

For the foregoing reasons, the motion should be granted.

DATED: September 2, 2016

Respectfully submitted,

HOGAN LOVELLS US LLP

By:   s/ Neal Kumar Katyal
Neal Kumar Katyal
Attorney for *Amici Curiae*

MOTION FOR LEAVE TO PARTICIPATE
AS AMICI CURIAE - 2
*Case No. 2:16-cv-00538-JLR*

HOGAN LOVELLS US LLP
555 THIRTEENTH STREET, N.W.
WASHINGTON, D.C. 20004
(202) 637-5600 FAX: (202) 637-5910

CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system.

DATED September 2, 2016.

        HOGAN LOVELLS US LLP

        By <u>s/ Neal Kumar Katyal</u>
           Neal Kumar Katyal
           555 Thirteenth Street, N.W.
           Washington, D.C. 20004
           Tel:  (202) 637-5528
           Fax:  (202) 637-5910
           neal.katyal@hoganlovells.com

           Attorney for *Amici Curiae*

MOTION FOR LEAVE TO PARTICIPATE
AS AMICI CURIAE - 3
*Case No. 2:16-cv-00538-JLR*

HOGAN LOVELLS US LLP
555 THIRTEENTH STREET, N.W.
WASHINGTON, D.C. 20004
(202) 637-5600 FAX: (202) 637-5910