UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE, et al.,<br><br>Defendants. | CASE NO. C16-0538JLR<br><br>ORDER GRANTING MOTIONS TO FILE *AMICUS CURIAE* BRIEFING |

Before the court are eight unopposed motions for leave to file *amicus curiae* briefing[1] in support of Microsoft Corporation's ("Microsoft") opposition to the United

---

[1] Specifically, the motions are: (1) Stipulated Motion for Leave to File Amicus Brief on Behalf of Former Law Enforcement Officials in Support of Microsoft's Opposition to Motion to Dismiss (Dkt. # 48); (2) Unopposed Motion Granting Proposed *Amici Curiae* Law Professors Leave to File Brief in Support of Plaintiff's Opposition to Defendants' Motion to Dismiss (Dkt. # 49); (3) Stipulated Motion for Leave to File Brief of Amici Curiae Reporters Committee for Freedom of the Press, the Seattle Times Company, the Associated Press, Fox News Network, LLC, National Public Radio, Inc., The Washington Post, et al., in Support of Plaintiff's Opposition to the Government's Motion to Dismiss (Dkt. # 56); (4) Unopposed Motion of the

ORDER- 1

States Department of Justice's ("the DOJ") motion to dismiss (Dkt. # 38). (Mots. (Dkt. ## 48, 49, 56, 57, 58, 61, 66, 71).) The court concludes that the proposed *amici* briefing would provide unique perspectives on the matters before the court and concerns legal issues that may extend beyond the parties to this case. Accordingly, the court GRANTS the motions, GRANTS Movants[2] *amici curiae* status, and DIRECTS the Clerk to accept for filing the proposed *amici* briefing as set forth below.

District courts may consider *amicus* briefing from non-parties that addresses "legal issues that have potential ramifications beyond the parties directly involved" or that presents "'unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'" *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005) (quoting *Cobell v. Norton*, 246 F. Supp. 2d 59, 62 (D.D.C. 2003) and *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1064 (7th Cir. 1997)). The court has "broad discretion" to allow *amicus*

---

Chamber of Commerce of the United States of America, the Center for Democracy and Technology, the National Association of Manufacturers, et al. for Leave to File an *Amici Curiae* Brief in Support of Microsoft Corporation's Opposition to Defendant's Motion to Dismiss (Dkt. # 57); (5) Motion to File Brief of *Amici Curiae* Electronic Frontier Foundation, Access Now, New America's Open Technology Institute, and Jennifer Granick in Support of Plaintiff's Opposition to Government's Motion to Dismiss (Dkt. # 58); (6) Stipulated Motion of Amazon.com, Box, Cisco Systems, Dropbox, Evernote, Google, LinkedIn, Pinterest, Salesforce, Snapchat, and Yahoo for Leave to Participate as Amici Curiae in Support of Microsoft Corporation (Dkt. # 61); (7) Unopposed Motion for Leave [to] File Brief as *Amici Curiae* by Apple, Lithium Technologies, Mozilla, and Twilio in Support of Microsoft Corporation's Opposition to Defendants' Motion to Dismiss (Dkt. # 66); (8) Stipulated Motion for Leave to File Brief *Amicus Curiae* of Twitter, Inc. in Support of Microsoft Corporation's Opposition to Defendant's Motion to Dismiss (Dkt. # 71).

[2] The court defines "Movants" as those parties listed as proposed *amici curiae* in the motions. (*See* Mots.) Accordingly, the court GRANTS *amicus curiae* status to Movants only.

briefing and to appoint *amici curiae*. *See Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

The court finds that the proposed *amici* briefing would help the court in considering the DOJ's pending motion to dismiss and Microsoft's response to that motion. First, the proposed briefing offers perspectives and information—from the commercial to the technological to the historical—that are not currently before the court. (*See generally* Mots.) These perspectives may aid the court beyond "the help . . . the parties are able to provide." *NGV Gaming*, 355 F. Supp. 2d at 1067. Second, this case has "potential ramifications beyond the parties directly involved." *Id.* (internal quotations omitted). The case concerns the government's collection of customer information under certain provisions of the Electronic Communications Privacy Act of 1986 ("ECPA") (*see generally* Am. Compl. (Dkt. # 28)), and potentially impacts a number of people, businesses, and industries other than the DOJ and Microsoft (*see generally* Mots. (describing how the challenged ECPA provisions affect industry, freedom of the press, and customers, among others).) Finally, neither the DOJ nor Microsoft contests the motions, which the court views as an admission that the motions have merit. (*See generally* Dkt.); Local Rules W.D. Wash. LCR 7(b)(2) ("[I]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit.").

Accordingly, the court GRANTS the motions to file the proposed briefs as *amici curiae* (Dkt. ## 48, 49, 56, 57, 58, 61, 66, 71) and GRANTS Movants *amici curiae* status. The court further DIRECTS the Clerk to accept for filing the *amici curiae* briefs as of the

date of this order (Dkt. ## 48, 49, 56, 57, 58, 61, 66, 71).  In the absence of local rules on the subject, the court requires *amici* to adhere to the Federal Rules of Appellate Procedure on *amicus curiae* for any future memoranda.  This order does not entitle *amici* to make a formal appearance at any hearing, participate in oral argument at any hearing, or file any reply memoranda.  *See* Fed. R. App. P. 29(f), (g).

Dated this 6th day of September, 2016.

JAMES L. ROBART
United States District Judge

ORDER- 4