UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>　　　　　　　Defendant. | CASE NO. C16-0538JLR<br><br>MINUTE ORDER REGARDING HEARING ON JANUARY 23, 2017 |

The following minute order is made by the direction of the court, the Honorable James L. Robart:

The court has scheduled oral argument on Defendant United States Department of Justice's motion to dismiss (Dkt. # 38) for Monday, January 23, 2017, at 10:00 a.m. (*see* Dkt.). In addition to other issues the court may raise at the hearing, the parties should be prepared to address whether case law holding that Fourth Amendment rights are personal rights that cannot be vicariously asserted bars Plaintiff Microsoft Corporation from

MINUTE ORDER - 1

pursuing its Fourth Amendment claim on behalf of its customers and how that case law is to be reconciled with third-party standing doctrine. *See, e.g.*, *Plumhoff v. Rickard*, --- U.S. ---, 134 S. Ct. 2012, 2022 (2014) (stating in a Section 1983 excessive force case that "[o]ur cases make it clear that Fourth Amendment rights are personal rights . . . which may not be vicariously asserted" (internal quotation marks omitted)); *Rakas v. Illinois*, 439 U.S. 128, 140 (1978) (noting the Supreme Court's "long history of insistence that Fourth Amendment rights are personal in nature"); *Cal. Bankers Ass'n v. Shultz*, 416 U.S. 21, 69 (1974) (stating in dicta that the Court did not "think that the California Bankers Association or the Security National Bank [could] vicariously assert such Fourth Amendment claims on behalf of bank customers in general"); *Ellwest Stereo Theatres, Inc. v. Wenner*, 681 F.2d 1243, 1248 (9th Cir. 1982) ("Ellwest has no standing to assert the fourth amendment [privacy] rights of its customers."); *Powers v. Ohio*, 499 U.S. 400, 410-11 (1991) (discussing three-part test for establishing third-party standing).

The parties should also be prepared at oral argument to identify the specific case law or other authority on which they rely. The parties may, but are not required to, file a supplemental brief on this issue prior to oral argument on Monday, January 23, 2017. The length of any such supplemental brief is limited to five (5) pages.

Filed and entered this 19th day of January, 2017.

WILLIAM M. MCCOOL
Clerk of Court

s/ Ashleigh Drecktrah
Deputy Clerk