The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICROSOFT CORPORATION,

Plaintiff,

v.

THE UNITED STATES DEPARTMENT OF
JUSTICE, and JEFFERSON B. SESSIONS, III,
in his official capacity as Attorney General of the
United States,

Defendants.

No.  16-cv-00538 - JLR

STIPULATED PROTECTIVE
ORDER

*Noted for Consideration:*
June 22, 2017

Plaintiff Microsoft Corporation and Defendants United States Department of Justice and

Attorney General Jefferson B. Sessions, III (collectively, the "Federal Defendants") stipulate

and agree to the following protective order.  Pursuant to Local Civil Rule 26(c)(2), all

departures from the model Protective Order are shown in tracked changes below.

1.      PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or

private information for which special protection may be warranted. Accordingly, the parties

hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The

parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer

STIPULATED PROTECTIVE ORDER (16-cv-00538 - JLR) - 1

1    blanket protection on all disclosures or responses to discovery, the protection it affords from

2    public disclosure and use extends only to the limited information or items that are entitled to

3    confidential treatment under the applicable legal principles, and it does not presumptively

4    entitle parties to file confidential information under seal.  The availability of protection

5    pursuant to this Protective Order does not preclude a party from withholding as privileged

6    information otherwise discoverable.

7    2.    "CONFIDENTIAL" MATERIAL

8          "Confidential" material shall include the following documents and tangible things that

9    may be produced or otherwise exchanged:

10         A.  Non-public information about Microsoft's and the Federal Defendants' policies and

11              practices with respect to (i) warrants, subpoenas, and orders pursuant to 18 U.S.C.

12              § 2703; (ii) non-disclosure orders pursuant to 18 U.S.C. § 2705; (iii) disclosure of

13              customer information in response to valid process; and (iv) other law enforcement

14              practices relating to the collection and/or preservation of evidence.

15         B.  Non-public information concerning the economic consequences to Microsoft, if any,

16              of non-disclosure orders issued pursuant to 18 U.S.C. § 2705, as well as Microsoft's

17              customer records and its proprietary information concerning the management,

18              security, and disclosure of customer records, including (but not limited to) both

19              account records and content.

20         C.  Non-public information about Microsoft's customer relationships and

21              communications with customers regarding disclosure of legal process

22         D.  Court records, whether in this District or any other District, currently maintained

23              under seal and/or subject to non-disclosure orders.

24         E.  Privacy Act information, as described in Paragraph 10 of this Order.

25         F.  Information or documents subject to the law enforcement privilege under applicable

26              law, as well as information or documents in the possession or under the control of

27

STIPULATED PROTECTIVE ORDER (16-cv-00538 – JLR) - 2

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1    the Federal Defendants that satisfy the standards set forth in Exemption 7 of the

2    Freedom of Information Act, 5 U.S.C. § 552(b)(7).

3    3.    SCOPE

4    The protections conferred by this agreement cover not only confidential material (as

5    defined above) but also (1) any information copied or extracted from confidential material; (2)

6    all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony,

7    conversations, or presentations by parties or their counsel that might reveal confidential

8    material. However, the protections conferred by this agreement do not cover information that is

9    in the public domain or becomes part of the public domain through trial or otherwise.

10    4.    ACCESS TO AND USE OF "CONFIDENTIAL" MATERIAL

11    4.1    Basic Principles. A receiving party may use confidential material that is

12    disclosed or produced by another party or by a non-party in connection with this case only

13    for prosecuting, defending, or attempting to settle this litigation. Confidential material may

14    be disclosed only to the categories of persons and under the conditions described in this

15    agreement. Confidential material must be stored and maintained by a receiving party at a

16    location and in a secure manner that ensures that access is limited to the persons authorized

17    under this agreement.

18    4.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise

19    ordered by the court or permitted in writing by the designating party, a receiving party may

20    disclose any confidential material only to:

21    (a)    the receiving party's counsel of record in this action, as well as

22    employees of counsel to whom it is reasonably necessary to disclose the information for this

23    litigation, including contract review attorneys, law clerks, paralegals, legal secretaries, and

24    other categories of employees regarding which the parties may subsequently agree;

25    (b)    the officers, directors, and employees (including in house counsel) of

26    the receiving party to whom disclosure is reasonably necessary for this litigation;

27

STIPULATED PROTECTIVE ORDER (16-cv-00538 - JLR) - 3

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

(c)   experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)   the court, court personnel, and court reporters and their staff;

(e)   document management or electronic discovery services retained by counsel to assist in the management of confidential material, provided that counsel for the party retaining the document management or electronic discovery service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material and to destroy all electronic copies upon completion of the service;

(f)   during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement; and

(g)   on a case-by-case basis to be agreed on by the parties, any mediator retained by the parties or appointed by the Court in this action and employees of such mediator who are assisting in the conduct of the mediation.

4.3   Filing Confidential Material. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.  Court records of this District or any other District that are currently maintained under seal and/or subject to nondisclosure orders and/or subject to the

STIPULATED PROTECTIVE ORDER (16-cv-00538 - JLR) - 4

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1     restrictions of Fed. R. Crim. P. 6(e) may be filed with this Court under seal, and no further

2     order of this Court is required to allow the filing under seal of court records currently

3     maintained under seal and/or subject to nondisclosure orders and/or subject to Fed. R. Crim.

4     P. 6(e) in other proceedings. This provision shall not be construed to otherwise affect the

5     sealing of any material pursuant to Fed. R. Crim. P. 6(e).

6     5.     DESIGNATING PROTECTED MATERIAL

7            5.1     Exercise of Restraint and Care in Designating Material for Protection. Each

8     party or non-party that designates information or items for protection under this agreement

9     must take care to limit any such designation to specific material that qualifies under the

10    appropriate standards. The designating party must designate for protection only those parts

11    of material, documents, items, or oral or written communications that qualify, so that other

12    portions of the material, documents, items, or communications for which protection is not

13    warranted are not swept unjustifiably within the ambit of this agreement.

14           Mass, indiscriminate, or routinized designations are prohibited. Designations that are

15    shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

16    unnecessarily encumber or delay the case development process or to impose unnecessary

17    expenses and burdens on other parties) expose the designating party to sanctions.

18           If it comes to a designating party's attention that information or items that it designated

19    for protection do not qualify for protection, the designating party must promptly notify all other

20    parties that it is withdrawing the mistaken designation.

21           5.2     Manner and Timing of Designations. Except as otherwise provided in this

22    agreement (see, e.g., section 5.2(b) below), or as otherwise stipulated or ordered, disclosure

23    or discovery material that qualifies for protection under this agreement must be clearly so

24    designated before or when the material is disclosed or produced.

25                  (a)     Information in documentary form: (e.g., paper or electronic documents

26    and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial

27    proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that

STIPULATED PROTECTIVE ORDER (16-cv-00538 - JLR) - 5

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1    contains confidential material. If only a portion or portions of the material on a page qualifies

2    for protection, the producing party also must clearly identify the protected portion(s) (e.g., by

3    making appropriate markings in the margins).

4           (b)    Testimony given in deposition or in other pretrial or trial proceedings:

5    the parties must identify on the record, during the deposition, hearing, or other proceeding, all

6    protected testimony, without prejudice to their right to so designate other testimony after

7    reviewing the transcript. Any party or non-party may, within thirty days after receiving a

8    deposition transcript, designate portions of the transcript, or exhibits thereto, as confidential.

9    Until such time as this thirty (30) day period has concluded, the entirety of the deposition

10   transcript shall be presumptively treated by the receiving party as having been designated by

11   the producing party as "Confidential" during the deposition.

12          (c)    Other tangible items: the producing party must affix in a prominent

13   place on the exterior of the container or containers in which the information or item is stored

14   the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant

15   protection, the producing party, to the extent practicable, shall identify the protected

16   portion(s).

17        5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure

18   to designate qualified information or items does not, standing alone, waive the designating

19   party's right to secure protection under this agreement for such material. Upon timely

20   correction of a designation, the receiving party must make reasonable efforts to ensure that

21   the material is treated in accordance with the provisions of this agreement.

22   6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

23        6.1    Timing of Challenges. Any party or non-party may challenge a designation of

24   confidentiality at any time. Unless a prompt challenge to a designating party's

25   confidentiality designation is necessary to avoid foreseeable, substantial unfairness,

26   unnecessary economic burdens, or a significant disruption or delay of the litigation, a party

27

STIPULATED PROTECTIVE ORDER (16-cv-00538 - JLR) - 6

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1    does not waive its right to challenge a confidentiality designation by electing not to mount a

2    challenge promptly after the original designation is disclosed.

3        6.2    Meet and Confer. The parties must make every attempt to resolve any dispute

4    regarding confidential designations without court involvement. Any motion regarding

5    confidential designations or for a protective order must include a certification, in the motion

6    or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer

7    conference with other affected parties in an effort to resolve the dispute without court action.

8    The certification must list the date, manner, and participants to the conference. A good faith

9    effort to confer requires a face-to-face meeting or a telephone conference.

10       6.3    Judicial Intervention. If the parties cannot resolve a challenge without court

11   intervention, the designating party may file and serve a motion to retain confidentiality under

12   Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden

13   of persuasion in any such motion shall be on the designating party. Frivolous challenges, and

14   those made for an improper purpose (e.g., to harass or impose unnecessary expenses and

15   burdens on other parties) may expose the challenging party to sanctions. All parties shall

16   continue to maintain the material in question as confidential until the court rules on the

17   challenge.

18   7.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER
         LITIGATION

19
         If a party is served with a subpoena or a court order issued in other litigation that

20   compels disclosure of any information or items designated in this action as

21   "CONFIDENTIAL," that party must:

22       (a)    promptly notify the designating party in writing and include a copy of

23   the subpoena or court order;

24       (b)    promptly notify in writing the party who caused the subpoena or order

25   to issue in the other litigation that some or all of the material covered by the subpoena or order

26   is subject to this agreement. Such notification shall include a copy of this agreement; and

27

STIPULATED PROTECTIVE ORDER (16-cv-00538 - JLR) - 7

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

(d)     This provision shall not be construed to affect any other obligations pertaining to the confidentiality of information or items designated as "CONFIDENTIAL" that a party may have.

8.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. Pursuant to Rules 16(b) and 26(c) of the Federal Rules of Civil Procedure, and Rule 502 of the Federal Rules of Evidence, this Order invokes the protections afforded by Rule 502(d) of the Federal Rules of Evidence. Namely, disclosure of privileged material in connection with this litigation will be deemed unintentional and inadvertent.

10.     PRIVACY ACT INFORMATION

Pursuant to 5 U.S.C. § 552a(b)(11), Federal Defendants are authorized to release to Microsoft's counsel, the Court, and those persons defined in Paragraph 4.2 of this Order,

STIPULATED PROTECTIVE ORDER (16-cv-00538 - JLR) - 8

1   records or information containing Privacy Act-protected information, without redaction of such

2   information, without obtaining prior written consent of the individuals whose names, addresses,

3   and other identifying information may be present in such documents.  Such disclosure is

4   subject to the conditions set forth in this Order.

5         So long as counsel for Federal Defendants exercise reasonable efforts to prevent the

6   disclosure of information protected from disclosure by the Privacy Act, 5 U.S.C. § 552a, other

7   than as permitted under this Order, disclosures under this Order, including inadvertent

8   disclosures of such information, shall not be construed as a violation of the Privacy Act.

9   11.    NON TERMINATION AND RETURN OF DOCUMENTS

10       Within 60 days after the termination of this action, including all appeals, each receiving

11   party must destroy or return all confidential material to the producing party, including all

12   copies, extracts and summaries thereof.

13         Notwithstanding this provision, except as may be agreed in the future, counsel are

14   entitled to retain one archival copy of all documents filed with the court, trial, deposition, and

15   hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work

16   product, and consultant and expert work product, even if such materials contain confidential

17   material.

18         The confidentiality obligations imposed by this agreement shall remain in effect until a

19   designating party agrees otherwise in writing or a court orders otherwise.

20         IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

21

22   DATED:06/22/17_____    /s/Ambika K. Doran_____
                                       Attorneys for Plaintiff

23

24   DATED: 6/22/17_____    /s/ Jennie L. Kneedler [*with consent*]_____
                                       Attorneys for Defendant

25

26   PURSUANT TO STIPULATION, IT IS SO ORDERED.

27

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

DATED: June 23, 2017

[Name of Judge] James L. Robart
United States District Judge

STIPULATED PROTECTIVE ORDER (16-cv-00538 - JLR) - 10

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have

read in its entirety and understand the Stipulated Protective Order that was issued by the United

States District Court for the Western District of Washington on [date] in the case of *Microsoft

Corporation v. United States Department of Justice et al.*, No. 16-cv-00538 - JLR. I agree to

comply with and to be bound by all the terms of this Stipulated Protective Order and I

understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any person or

entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Western District of Washington for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER (16-cv-00538 - JLR) - 11

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1

2
The Honorable James L. Robart

3

4

5

6

7

8

9
UNITED STATES DISTRICT COURT

10
WESTERN DISTRICT OF WASHINGTON
AT ————SEATTLE

11

12
MICROSOFT CORPORATION,

CASE NO. [CASE #]

13
　　　　Plaintiff,

MODEL
No. 16-cv-00538 - JLR

14
　　　　v.

STIPULATED PROTECTIVE
ORDER

15
[DEFENDANT],

16
————Defendant.
THE UNITED STATES DEPARTMENT OF
JUSTICE, and JEFFERSON B. SESSIONS, III,

*Noted for Consideration:*
June 22, 2017

17
in his official capacity as Attorney General of the
United States,

18

19
————————Defendants.

20

21
1.————Plaintiff Microsoft Corporation and Defendants United States Department of

Justice and Attorney General Jefferson B. Sessions, III (collectively, the "Federal Defendants")

22
stipulate and agree to the following protective order.  Pursuant to Local Civil Rule 26(c)(2), all

23
departures from the model Protective Order are shown in tracked changes below.

24

25
1.　　　PURPOSES AND LIMITATIONS

　　　Discovery in this action is likely to involve production of confidential, proprietary, or

26
private information for which special protection may be warranted. Accordingly, the parties

hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The

MODEL STIPULATED PROTECTIVE ORDER (16-cv-00538 - JLR) - 1

parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer

blanket protection on all disclosures or responses to discovery, the protection it affords from

public disclosure and use extends only to the limited information or items that are entitled to

confidential treatment under the applicable legal principles, and it does not presumptively

entitle parties to file confidential information under seal. The availability of protection

pursuant to this Protective Order does not preclude a party from withholding as privileged

information otherwise discoverable.

2.    2.——"CONFIDENTIAL" MATERIAL

    "Confidential" material shall include the following documents and tangible things

produced or otherwise exchanged: [The parties must include a list of specific documents such

as "company's customer list" or "plaintiff's medical records;" do not list broad categories of

documents such as "sensitive business material"].that may be produced or otherwise

exchanged:

    A. 3.—Non-public information about Microsoft's and the Federal Defendants' policies

        and practices with respect to (i) warrants, subpoenas, and orders pursuant to 18

        U.S.C. § 2703; (ii) non-disclosure orders pursuant to 18 U.S.C. § 2705;

        (iii) disclosure of customer information in response to valid process; and (iv) other

        law enforcement practices relating to the collection and/or preservation of evidence.

    B. Non-public information concerning the economic consequences to Microsoft, if any,

        of non-disclosure orders issued pursuant to 18 U.S.C. § 2705, as well as Microsoft's

        customer records and its proprietary information concerning the management,

        security, and disclosure of customer records, including (but not limited to) both

        account records and content.

    C. Non-public information about Microsoft's customer relationships and

        communications with customers regarding disclosure of legal process

    D. Court records, whether in this District or any other District, currently maintained

        under seal and/or subject to non-disclosure orders.

MODEL STIPULATED PROTECTIVE ORDER (16-cv-00538 - JLR) - 2

E.   Privacy Act information, as described in Paragraph 10 of this Order.

F.   Information or documents subject to the law enforcement privilege under applicable
law, as well as information or documents in the possession or under the control of
the Federal Defendants that satisfy the standards set forth in Exemption 7 of the
Freedom of Information Act, 5 U.S.C. § 552(b)(7).

3.   SCOPE

The protections conferred by this agreement cover not only confidential material (as
defined above), but also (1) any information copied or extracted from confidential material; (2)
all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony,
conversations, or presentations by parties or their counsel that might reveal confidential
material.

 However, the protections conferred by this agreement do not cover information that is
in the public domain or becomes part of the public domain through trial or otherwise.

4.   4.——ACCESS TO AND USE OF "CONFIDENTIAL" MATERIAL

4.1   4.1—Basic Principles. A receiving party may use confidential material that is
disclosed or produced by another party or by a non-party in connection with this case only
for prosecuting, defending, or attempting to settle this litigation. Confidential material may
be disclosed only to the categories of persons and under the conditions described in this
agreement. Confidential material must be stored and maintained by a receiving party at a
location and in a secure manner that ensures that access is limited to the persons authorized
under this agreement.

4.2   4.2—Disclosure of "CONFIDENTIAL" Information or Items. Unless
otherwise ordered by the court or permitted in writing by the designating party, a receiving
party may disclose any confidential material only to:

(a)   (a)——the receiving party's counsel of record in this action, as well as
employees of counsel to whom it is reasonably necessary to disclose the information for this

MODEL STIPULATED PROTECTIVE ORDER (16-cv-00538 - JLR) - 3

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

litigation, including contract review attorneys, law clerks, paralegals, legal secretaries, and other categories of employees regarding which the parties may subsequently agree;

(b) ~~(b)~~ the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, ~~unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;~~

(c) ~~(c)~~ experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) ~~(d)~~ the court, court personnel, and court reporters and their staff;

(e) ~~(e)~~ ~~copy~~document management or ~~imaging~~electronic discovery services retained by counsel to assist in the ~~duplication~~management of confidential material, provided that counsel for the party retaining the ~~copy~~document management or ~~imaging~~electronic discovery service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material and to destroy all electronic copies upon completion of the service;

(f) ~~(f)~~ during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement; and

~~(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.~~

(g) ~~4.3~~ on a case-by-case basis to be agreed on by the parties, any mediator retained by the parties or appointed by the Court in this action and employees of such mediator who are assisting in the conduct of the mediation.

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

4.3     Filing Confidential Material. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. Court records of this District or any other District that are currently maintained under seal and/or subject to nondisclosure orders and/or subject to the restrictions of Fed. R. Crim. P. 6(e) may be filed with this Court under seal, and no further order of this Court is required to allow the filing under seal of court records currently maintained under seal and/or subject to nondisclosure orders and/or subject to Fed. R. Crim. P. 6(e) in other proceedings. This provision shall not be construed to otherwise affect the sealing of any material pursuant to Fed. R. Crim. P. 6(e).

5.     5.     DESIGNATING PROTECTED MATERIAL

5.1     5.1 Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1   If it comes to a designating party's attention that information or items that it designated

2   for protection do not qualify for protection, the designating party must promptly notify all other

3   parties that it is withdrawing the mistaken designation.

4   5.2   ~~5.2~~ Manner and Timing of Designations. Except as otherwise provided in

5   this agreement (see, *e.g.*, ~~second paragraph of~~ section 5.2(a̲b̲) below), or as otherwise

6   stipulated or ordered, disclosure or discovery material that qualifies for protection under this

7   agreement must be clearly so designated before or when the material is disclosed or

8   produced.

9   (a)   ~~(a)~~ Information in documentary form: (*e.g.*, paper or electronic

10   documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or

11   trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page

12   that contains confidential material. If only a portion or portions of the material on a page

13   qualifies for protection, the producing party also must clearly identify the protected portion(s)

14   (e.g., by making appropriate markings in the margins).

15   (b)   ~~(b)~~ Testimony given in deposition or in other pretrial or trial

16   proceedings: the parties ~~and any participating non-parties~~ must identify on the record, during

17   the deposition, hearing, or other ~~pretrial~~ proceeding, all protected testimony, without prejudice

18   to their right to so designate other testimony after reviewing the transcript. Any party or non-

19   party may, within ~~fifteen~~thirty days after receiving ~~the transcript of the~~ a̲ deposition ~~or other~~

20   ~~pretrial proceeding~~transcript, designate portions of the transcript, or exhibits thereto, as

21   confidential. ~~If a~~Until such time as this thirty (30) day period has concluded, the entirety of

22   the deposition transcript shall be presumptively treated by the receiving party ~~or non-~~as having

23   been designated by the producing party ~~desires to protect confidential information at trial, the~~

24   ~~issue should be addressed~~as "Confidential" during the ~~pre-trial conference~~deposition.

25   (c)   ~~(c)~~ Other tangible items: the producing party must affix in a

26   prominent place on the exterior of the container or containers in which the information or item

is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3    5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6.    6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    6.1 Timing of Challenges. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    6.2 Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3    6.3 Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All

MODEL STIPULATED PROTECTIVE ORDER (16-cv-00538 - JLR) - 7

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1    parties shall continue to maintain the material in question as confidential until the court rules

2    on the challenge.

3    7.     7.——PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

4           OTHER LITIGATION

5       If a party is served with a subpoena or a court order issued in other litigation that

6    compels disclosure of any information or items designated in this action as

7    "CONFIDENTIAL," that party must:

8           (a)     (a)——promptly notify the designating party in writing and include a

9    copy of the subpoena or court order;

10         (b)     (b)——promptly notify in writing the party who caused the subpoena or

11    order to issue in the other litigation that some or all of the material covered by the subpoena or

12    order is subject to this agreement. Such notification shall include a copy of this agreement; and

13         (c)     (c)——cooperate with respect to all reasonable procedures sought to be

14    pursued by the designating party whose confidential material may be affected.

15         (d)     This provision shall not be construed to affect any other obligations

16    pertaining to the confidentiality of information or items designated as "CONFIDENTIAL" that

17    a party may have.

18    8.     8.——UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

19       If a receiving party learns that, by inadvertence or otherwise, it has disclosed

20    confidential material to any person or in any circumstance not authorized under this agreement,

21    the receiving party must immediately (a) notify in writing the designating party of the

22    unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

23    protected material, (c) inform the person or persons to whom unauthorized disclosures were

24    made of all the terms of this agreement, and (d) request that such person or persons execute the

25    "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

26

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

9.    ~~9.~~ INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. ~~The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein~~Pursuant to Rules 16(b) and 26(c) of the Federal Rules of Civil Procedure, and Rule 502 of the Federal Rules of Evidence, this Order invokes the protections afforded by Rule 502(d) of the Federal Rules of Evidence. Namely, disclosure of privileged material in connection with this litigation will be deemed unintentional and inadvertent.

10.    ~~10.~~ PRIVACY ACT INFORMATION

Pursuant to 5 U.S.C. § 552a(b)(11), Federal Defendants are authorized to release to Microsoft's counsel, the Court, and those persons defined in Paragraph 4.2 of this Order, records or information containing Privacy Act-protected information, without redaction of such information, without obtaining prior written consent of the individuals whose names, addresses, and other identifying information may be present in such documents. Such disclosure is subject to the conditions set forth in this Order.

So long as counsel for Federal Defendants exercise reasonable efforts to prevent the disclosure of information protected from disclosure by the Privacy Act, 5 U.S.C. § 552a, other than as permitted under this Order, disclosures under this Order, including inadvertent disclosures of such information, shall not be construed as a violation of the Privacy Act.

~~10.~~11. NON TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must destroy or return all confidential material to the producing party, including all copies, extracts and summaries thereof. ~~Alternatively, the parties may agree upon appropriate methods of destruction.~~

MODEL STIPULATED PROTECTIVE ORDER (16-cv-00538 - JLR) - 9

1    Notwithstanding this provision, except as may be agreed in the future, counsel are

2    entitled to retain one archival copy of all documents filed with the court, trial, deposition, and

3    hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work

4    product, and consultant and expert work product, even if such materials contain confidential

5    material.

6         The confidentiality obligations imposed by this agreement shall remain in effect until a

7    designating party agrees otherwise in writing or a court orders otherwise.

8

9         IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

10

11   DATED:06/22/17 _____     /s/Ambika K. Doran _____
                                        Attorneys for Plaintiff
12

13   DATED: 6/22/17 _____     /s/ Jennie L. Kneedler  [*with consent*] _____
                                        Attorneys for Defendant
14

15   PURSUANT TO STIPULATION, IT IS SO ORDERED~:

16       ~~IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of~~

17   ~~any documents in this proceeding shall not, for the purposes of this proceeding or any other~~

18   ~~proceeding in any other court, constitute a waiver by the producing party of any privilege~~

19   ~~applicable to those documents, including the attorney-client privilege, attorney work product~~

20   ~~protection, or any other privilege or protection recognized by law.~~

21

22

23   DATED:~~─────────────────~~

24

25   _____
                                        [Name of Judge]
26                                      United States District ~~Court~~ Judge

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ _____

[print or type full name], of _____ _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United States District Court

for the Western District of Washington on [date] in the case of _____ [insert

formal name of the case and the number and initials assigned to it by the court]. *Microsoft*

*Corporation v. United States Department of Justice et al.*, No. 16-cv-00538 - JLR. I agree to

comply with and to be bound by all the terms of this Stipulated Protective Order and I

understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any person or

entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Western District of Washington for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

_____

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax