The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES DEPARTMENT OF JUSTICE, and JEFFERSON B. SESSIONS, III, in his official capacity as Attorney General of the United States,<br><br>Defendants. | No. 16-cv-00538 - JLR<br><br>MICROSOFT CORPORATION'S UNOPPOSED MOTION FOR VOLUNTARY DISMISSAL<br><br>*Noted for Consideration:*<br>October 24, 2017 |

Pursuant to Fed. R. Civ. P. 41(a)(2), Microsoft Corporation asks the Court to enter an Order dismissing this case without prejudice. Defendants have authorized Microsoft to advise the Court that they do not oppose the request for a dismissal without prejudice.

On April 14, 2016, Microsoft Corporation filed this lawsuit, asking the Court to declare unconstitutional 18 U.S.C. § 2705(b), the statute that permits the Department of Justice ("DOJ") to obtain orders prohibiting service providers, including Microsoft, from telling their customers (and others) when the government obtains legal process requiring the production of customer information. Microsoft contended that the law violates the First and Fourth Amendments to the U.S. Constitution, alleging that nearly two-thirds of the thousands of Section 2705(b) orders it had received contained no end-date; that DOJ interpreted the law to allow law enforcement to seek non-disclosure orders without providing case-specific facts

UNOPPOSED MOTION TO DISMISS (No. 16-cv-00538-JLR) - 1
4820-8591-3169v.3 0025936-002444

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

sufficient to justify a prior restraint on speech; and that thousands of non-disclosure orders had been issued under authority of Section 2705(b) restraining Microsoft's speech without sufficient justification under governing constitutional standards, in violation of the First Amendment, and without the government providing notice to Microsoft's customers, in violation of the Fourth Amendment.

On February 8, 2017, the Court denied the DOJ's Motion to Dismiss Microsoft's First Amendment claim, but granted DOJ's Motion to Dismiss Microsoft's Fourth Amendment claim, holding that Microsoft had no right to bring a claim to vindicate its customers' Fourth Amendment rights. As a result, only Microsoft's First Amendment claim remains in this Court.

On October 19, 2017, the Deputy Attorney General issued a binding policy ("the Policy") governing requests for non-disclosure orders by federal law enforcement under authority of Section 2705(b), which is to be added to the U.S. Attorney's Manual. DOJ made the Policy publicly available through its website on October 24, 2017, and it is attached to this Motion as Exhibit A. The Policy expressly recognizes that "[e]ach § 2705(b) order should have an appropriate factual basis and each order should extend only as long as necessary to satisfy the government's interest." Ex. A at 1. Further, it requires prosecutors to "conduct an individualized and meaningful assessment ... prior to seeking an § 2705 order and only seek an order when circumstances require." *Id.* at 2. Consistent with these newly articulated principles, the Policy directs federal prosecutors to apply for Section 2705(b) non-disclosure orders only when the facts of the case support the issuance of the orders; generally forbids the use of indefinite orders; and precludes federal prosecutors from seeking orders lasting more than one year, absent exceptional circumstances and with the written concurrence of supervisory officials within the DOJ or a U.S. Attorney's office.

Because the new Policy significantly improves DOJ practices under Section 2705(b), Microsoft has determined not to proceed with this case. As explained above, the Policy addresses the most important issues Microsoft raised in this matter. The Policy significantly increases transparency, enhances the privacy rights of Microsoft's customers, and represents an

UNOPPOSED MOTION TO DISMISS (No. 16-cv-00538-JLR) - 2
4820-8591-3169v.3 0025936-002444

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

important step forward for both privacy and free expression.  Accordingly, rather than continue this litigation, Microsoft intends to monitor the DOJ's implementation of the Policy to ensure that prosecutors faithfully implement its directions and comply with constitutional standards, and to advocate for amendments to the Stored Communications Act to modernize the statute.

In light of the foregoing, Microsoft respectfully asks the Court to dismiss this lawsuit pursuant to Fed. R. Civ. P. 41(a)(2) without prejudice.

DATED this 24th day of October, 2017.

Davis Wright Tremaine LLP
Attorneys for Microsoft Corporation

By *s/ Stephen M. Rummage*
   Stephen M. Rummage, WSBA #11168
   Ambika K. Doran, WSBA #38237
   1201 Third Avenue, Suite 2200
   Seattle, WA  98101-3045
   Phone: 206-622-3150, Fax: 206-757-7700
   E-mail: steverummage@dwt.com
   E-mail:  ambikadoran@dwt.com

Laura Handman (*pro hac vice*)
Davis Wright Tremaine LLP
1919 Pennsylvania Ave NW #800,
Washington, DC 20006
Phone: (202) 973-4200, Fax: (202) 973-4429
E-mail: laurahandman@dwt.com

James M. Garland (*pro hac vice*)
Alexander A. Berengaut (*pro hac vice*)
Katharine R. Goodloe (*pro hac vice*)
Covington and Burling LLP
One CityCenter
850 10th St., N.W.
Washington, DC 20001
Phone: (202) 662-6000, Fax: (202) 662-6291
Email: jgarland@cov.com,
aberengaut@cov.com, kgoodloe@cov.com

Bradford L. Smith
David M. Howard
Jonathan Palmer
Microsoft Corporation
One Microsoft Way
Redmond, WA 98052

*Attorneys for Microsoft Corporation*

UNOPPOSED MOTION TO DISMISS (No. 16-cv-00538-JLR) - 3
4820-8591-3169v.3 0025936-002444

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

# CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system.

DATED this 24th day of October, 2017.

> Davis Wright Tremaine LLP
> *Attorneys for Microsoft Corporation*
>
> By *s/ Stephen M. Rummage*
> Stephen M. Rummage, WSBA #11168
> Ambika K. Doran, WSBA #38237
> 1201 Third Avenue, Suite 2200
> Seattle, Washington 98101-3045
> Telephone: (206) 622-3150
> Fax: (206) 757-7700
> E-mail: steverummage@dwt.com
> E-mail: ambikadoran@dwt.com

UNOPPOSED MOTION TO DISMISS (No. 16-cv-00538-JLR) - 4
4820-8591-3169v.3 0025936-002444

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

# EXHIBIT A



U.S. Department of Justice

Office of the Deputy Attorney General

The Deputy Attorney General

Washington, D.C. 20530
October 19, 2017

MEMORANDUM FOR HEADS OF DEPARTMENT LAW ENFORCEMENT COMPONENTS
                              DEPARTMENT LITIGATING COMPONENTS
                              THE DIRECTOR, EXECUTIVE OFFICE FOR U.S. ATTORNEYS
                              ALL UNITED STATES ATTORNEYS

FROM:               Rod J. Rosenstein
                     Deputy Attorney General

SUBJECT:       Policy Regarding Applications for Protective Orders
                     Pursuant to 18 U.S.C. § 2705(b)

        This memorandum provides guidance and direction for Department of Justice attorneys and agents seeking protective orders pursuant to 18 U.S.C. § 2705(b) of the Stored Communications Act (SCA).[1] This guidance applies prospectively to all applications seeking protective orders, including both new orders and renewals, filed on or after 30 days of the date this memorandum is issued.

        The SCA permits the government to obtain certain records and information from providers of electronic communications services or remote computing services relating to their customers or subscribers. Under the SCA, the government may compel the disclosure of different categories of information via subpoena, a court order under 18 U.S.C. § 2703(d), or a search warrant. The SCA does not by default forbid a provider from notifying anyone. Providers will be prohibited from voluntarily notifying their users of the receipt of legal process under the SCA only if the government obtains a protective order under 18 U.S.C. § 2705(b), based on a need for protection from disclosure.

        Each § 2705(b) order should have an appropriate factual basis and each order should extend only as long as necessary to satisfy the government's interest. Prosecutors who are applying for § 2705(b) orders must follow the steps outlined below:

---

[1] This guidance is intended only to improve the internal management of the Department of Justice. It is not intended to and does not create any right, benefit, trust, or responsibility, whether substantive or procedural, enforceable at law or equity by a party against the United States, its departments, agencies, instrumentalities, entities, officers, employees, or any person, nor does it create any right of review in an administrative, judicial, or any other proceeding. This memorandum does not impact or alter existing procedures governing protective orders pursuant to any other authority, including 18 U.S.C. § 2709(c) or the Termination Procedures for National Security Letter Nondisclosure Requirement, Federal Bureau of Investigation (Nov. 24, 2015).

1. Prosecutors must conduct an individualized and meaningful assessment regarding the need for protection from disclosure prior to seeking an § 2705(b) order and only seek an order when circumstances require.

2. In applying for a § 2705(b) order, prosecutors should tailor the application to include the available facts of the specific case and/or concerns attendant to the particular type of investigation. The prosecutor should identify which of the factors set forth in § 2705(b)(1)–(5) apply and explain why. For example, prosecutors might choose to include information about the relationship of the data sought to the subject(s) of the investigation or describe the potential for related accounts or data to be destroyed or otherwise made inaccessible to investigators. Similarly, prosecutors may identify concerns attendant to the risk of flight or harm to public safety in that particular investigation, including those concerns based on experience with similar types of investigations. The factors justifying protection from disclosure may be similar in many cases, particularly at the outset of an investigation. As appropriate, prosecutors may state the extent to which the stage of the investigation limits the availability of specific facts justifying the § 2705(b) order.[2]

3. Prosecutors may seek a single protective order that covers multiple grand jury subpoenas issued as part of the same investigation, or a single protective order that covers other sets of nearly-identical legal process in a discrete investigation. A single protective order for multiple items of process should be sought only if the facts justifying protection from disclosure are the same for all items of process covered by the order. Prosecutors should ensure that a copy of the protective order is served with each item of process covered by the order.

4. Barring exceptional circumstances, prosecutors filing § 2705(b) applications may only seek to delay notice for one year or less.[3]

---

[2] When applying for a § 2705(b) order to accompany a subpoena seeking basic subscriber information in an ongoing investigation that is not public or known to the subject(s) of the investigation, stating the reasons for protection from disclosure under § 2705(b)—such as the risk that subject(s) will flee, destroy or tamper with evidence, change patterns of behavior, or notify confederates—usually will suffice. At a later stage of the investigation, for example, when a search warrant is being sought, the prosecutor should include more specific facts, as available, in support of the protective order.

[3] There may be exceptional circumstances in which orders of longer duration are necessary, such as in certain national security investigations that materially differ from routine criminal investigations. Orders seeking to delay notice beyond the time limit listed above shall be sought only with the written concurrence of a supervisor designated by the United States Attorney or the appropriate Assistant Attorney General, based upon facts and concerns that support a longer delay (*e.g.,* the suspect is an overseas fugitive who may travel internationally at some future time, if not alerted to the investigation).

5. The Department recognizes that judges may direct shorter or longer periods for orders, consistent with the language of § 2705(b).

6. If factors justifying protection from disclosure continue to exist at the expiration of the original order, subsequent extensions of equal or less duration may be sought. Requests should be supported with such additional, specific facts as may have been developed through the investigation.

The guidance was developed with input from many Department components and will be added to the U.S. Attorney's Manual. Nothing in this guidance is intended to indicate or imply that any existing protective order(s) issued by any court may be improper. If you have questions relating to the interpretation or recommended implementation of this guidance, please contact the Computer Crime and Intellectual Property Section of the Criminal Division at 202-514-1026.